UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs, | : | 3:00CV1306 (DJS) |
| | : | |
| v. | : | ALL CASES |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | **TRIAL DATE TO BE DETERMINED** |

**ZIMMER, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL**

Zimmer, Inc. ("Zimmer"), by its attorneys, respectfully submits this memorandum in support of its motion to compel the Plaintiffs to reimburse Zimmer for fees paid to Zimmer's expert, Richard Berger, M.D., and an independent witness, Leda Hewka Lada, for fees incurred in depositions noticed by Plaintiffs.

## I. BACKGROUND AND STATEMENT OF FACTS

### A. Dr. Berger

On August 15, 2002, Zimmer served the report of its expert, Richard Berger, M.D., on the Plaintiffs. On page one of his report, Dr. Berger states that Dr. Berger's fee for depositions and travel time is $1,000.00 per hour. See Exhibit A.

The parties had previously agreed to pay the costs associated with deposing the other party's expert witnesses. During the deposition of Plaintiffs' expert, Robert Rose, the parties discussed their agreement to pay the other parties' expert fees "portal to portal for their time, parking expenses, et cetera." See Exhibit B (Deposition of Robert Rose, Volume II, dated 3/28/02, p. 386 ll. 5-12).

Plaintiffs took Dr. Berger's deposition on September 20, 2002 in Chicago, Illinois. The deposition lasted four hours and Dr. Berger had one hour of travel time. See Exhibit C (letters dated November 20, 2002, July 21, 2003 and October 6, 2003). On October 9, 2003, Plaintiffs paid Dr. Berger $4,000.00 for his time during the deposition but refused to pay the remaining $1,000.00 for travel time, despite the parties' agreement and Zimmer's adherence to that agreement. See Exhibit D (letter dated October 9, 2003). Plaintiffs have refused to reconsider their position and Zimmer was forced to pay its own expert the remainder of the deposition fee and bring this Motion to Compel.

**B.     Leda Hewka Lada**

Leda Hewka Lada is a former employee who has not worked for Zimmer since November 1990. Plaintiffs contacted Zimmer and indicated that they wished to depose Ms. Lada. Zimmer contacted Ms. Lada in Canada where she now works and resides and arranged for her to be available for deposition.

Long before Ms. Lada's deposition, the parties had an agreement that the deposing party was to pay the reasonable fees associated with professionals' time in deposition regardless of whether the deponent was retained as an expert. Pursuant to that agreement, Plaintiffs reimbursed non-experts Richard F. Santore, M.D. and Steven T. Woolson, M.D. for the fees associated with their 2001 depositions. Plaintiffs' counsel admits to this agreement, but contends that Ms. Lada is different and does not have to be reimbursed because she is self-employed while Drs. Santore and Woolson were taking time out of their work schedule. See Exhibit E (letters dated May 2, 2003, May 9, 2003 and May 20, 2003). In other words, Plaintiffs believe that Ms. Lada's capacity as an independent consultant means that she did not have to take time out of her work schedule in order to be deposed. In fact, the contrary is true. Ms. Lada runs a successful

consulting company. She was educated in bioengineering and biomaterials at the University of Pennsylvania and is an active member of the ASTM International Committee on Medical and Surgical Devices and Materials, an international non-profit organization that develops and publishes voluntary consensus standards for materials, products, systems, and services. Deposition of Leda Lada, p. 6 l. 17 – p. 7 l. 7; p. 10 ll. 3-7. She provides consulting services to companies in the orthopedic and medical device industries and is appropriately compensated for her time by her clients. *Id.*, p. 24 ll. 14-17. As such, she is entitled to the same treatment as Drs. Santore and Woolson pursuant to the parties' agreement.

Ms. Lada's deposition took place on September 12, 2002 in Philadelphia, Pennsylvania. Ms. Lada charges $250 an hour for her time. She spent four hours preparing for the deposition, 4.5 hours at the deposition and 2.25 hours reviewing her deposition and incurred $31.00 in local travel expenses, for a total of $2,718.50. See Exhibit F (invoices dated March 14, 2003). After Plaintiffs failed to reimburse Ms. Lada in any fashion, Zimmer was forced to pay the professional fees of an individual whom it did not wish to depose or call as an expert.

## II. ARGUMENT

### A. Dr. Berger

Federal Rule of Civil Procedure 26 (b)(4)(c)(i) is clear and unequivocal: "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." Pursuant to this section, it is error for a court to fail to compel the payment of expert witness fees by the deposing party absent a finding of manifest injustice because the language of the rule is mandatory. *U.S. v. City of Twin Falls, Idaho*, 806 F.2d 862, 879 (9th Cir. 1999) *cert denied,* 482 U.S. 914. To do otherwise would subvert the purpose of the rule, "to compensate experts for

3

their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." *Goldwater v. Postmaster General*, 136 F.R.D. 337, 339 (D. Conn. 1991).

It is well-established in the district courts of the Second Circuit that reasonable travel time is included within the definition of "time spent in responding to discovery" and that the deposing party shall be compelled to reimburse expert witnesses for such travel time accordingly. See, e.g. *New York v. Solvent Chemical Co., Inc.*, 210 F.R.D. 462, 472 (W.D.N.Y. 2002); *Equal Opportunity Employment Comm'n.*, 1999 WL 32909 at *3 (S.D.N.Y.); *Bonner v. American Airlines, Inc.*, 1997 WL 802894 at *1 (S.D.N.Y.); *McHale v. Westcott*, 893 F.Supp. 143, 151 (N.D.N.Y. 1997); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (N.D.N.Y. 1995); *David Tunick, Inc. v. E.W. Kornfeld*, 151 F.R.D. 534, 536 (S.D.N.Y. 1993); and *In re Agent Orange Product Liability Litigation*, 105 F.R.D. 577, 582 (E.D.N.Y. 1985).

Where, as here, Plaintiffs knew of the expert's fees in advance and did not dispute the reasonableness of the fees, there can be no finding of manifest injustice. Plaintiffs knew Dr. Berger's fee schedule in mid-August of 2002. They were reminded of that schedule in correspondence dated November 20, 2002, July 21, 2003 and October 6, 2003. See Exhibit C. Not once prior to his deposition did Plaintiffs complain that Dr. Berger's fees were unreasonable. Nor can Plaintiffs quarrel about the reasonableness of Dr. Berger's hourly rate, having paid that rate for his time spent in deposition without disputing the rate.

Plaintiffs' counsel argues that since he "traveled long distance at great expense" to depose Dr. Berger, he should not have to pay for Dr. Berger's travel time. See Exhibit D. However, Zimmer's counsel traveled from Indiana to Massachusetts and Connecticut to depose Plaintiffs' experts and still paid their experts' fees including travel time. See Exhibit B and

4

Exhibit G (Deposition of Harold Zeliger, dated April 25, 2002, p. 47 l. 16 – p. 48 l. 12). Plaintiffs allowed Zimmer to pay their experts' travel fees before they expressed their intention not to pay for Dr. Berger's travel time. There is no basis for Plaintiffs' expectation of special treatment when Zimmer fully complied with the parties' agreement. Based on well-established Second Circuit law and the parties' agreement, Plaintiffs should be compelled to reimburse Zimmer for Dr. Berger's travel time.

### B. Ms. Lada

As to Ms. Lada, the parties had an agreement early in the case to pay the reasonable expenses of all professionals' time for depositions. Richard F. Santore, M.D. and Steven T. Woolson, M.D., who were neither Plaintiff's treating physicians nor retained as experts, were deposed by Plaintiff in 2001. Plaintiff expected to get favorable testimony from Drs. Santore and Woolson and paid their expenses accordingly pursuant to the agreement. See Exhibit H (Deposition of Richard F. Santore, M.D., dated June 25, 2001, p. 20 l. 21 – p. 21 l. 8; p. 51 ll. 10-17) and Exhibit I (Deposition of Steven T. Woolson, M.D., dated June 26, 2001, p. 89 ll. 4 – 23). Plaintiff then noticed Ms. Lada for deposition and conducted the deposition on September 12, 2002. Plaintiffs now take the position that they need not adhere to the agreement.

Plaintiffs' counsel admits to the agreement, but contends that Ms. Lada is different because she is self-employed. However, the agreement did not include such a distinction. Ms. Lada's time is valuable and as a professional non-expert, her time is subject to reimbursement under the parties' mutual agreement.

Relying on the agreement, Zimmer paid Ms. Lada's expenses. This court clearly has the authority to enforce agreements regarding non-party witness fees. *Threlkeld v. White Castle Sys., Inc.* 180 F.Supp. 985, 987-988 (N.D. Ill. 2002).

Even in the absence of the parties' agreement, Zimmer is entitled to reimbursement for Ms. Lada's statutory witness fee and local travel expenses pursuant to 28 U.S.C.A. § 1821(b) and (c)(3).

Under these circumstances, pursuant to the parties' agreement, Fed. R. Civ. P. 26 (b)(4)(c)(i), and 28 U.S.C.A. § 1821, this Court should compel the Plaintiffs to pay Zimmer for the remaining balance of Dr. Berger's travel costs and the entire balance owed for Ms. Lada's deposition, as well as Zimmer's attorney's fees and costs incurred in bringing this motion.

### III. CONCLUSION

For the foregoing reasons, Zimmer, Inc. respectfully requests this Court to enter an Order compelling Plaintiffs to pay Zimmer for the time and expenses of Dr. Berger and Ms. Lada and to pay for Zimmer's attorney's fees and costs incurred in bringing this motion.

Dated:  January 30, 2004

DEFENDANT, ZIMMER, INC.

By:_____
Albert J. Dahm (ct21710)
Michael S. Elvin (ct21711)
DAHM & ELVIN, LLP
9604 Coldwater Road, Suite 201
Fort Wayne, Indiana  46825
Telephone:  (260) 497-6000
Fax:  (260) 497-6019
E-mail:  bert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Allan Taylor (ct05332)
Deborah S. Russo (ct18818)
DAY, BERRY & HOWARD, LLP
CityPlace I
Hartford, Connecticut  06103-3499
Telephone:  (860) 275-0100
Fax:  (860) 275-0343
E-mail:  dsrusso@dbh.com

6

## **CERTIFICATION**

THIS IS TO CERTIFY that on this 30th day of January, 2004, a copy of the foregoing was mailed first class, postage prepaid, to all counsel and pro se parties of record, as follows:

Robert I. Reardon, Jr.
The Reardon Law Firm, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT  06320

_____
Deborah S. Russo