UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| | : | 3:00CV1306 (DJS) |
| Plaintiffs, | : | |
| | : | [pertains to 3:00CV1306(DJS); |
| | : | 3:01CV516(DJS); |
| | : | 3:01CV517(DJS); |
| | : | 3:01CV518(DJS); |
| | : | 3:00CV2270(DJS); |
| | : | 3:02CV637(DJS)] |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | FEBRUARY 9, 2004 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

The plaintiffs in the above referenced matter respectfully object to the defendant Zimmer Inc.'s Motion to Compel dated January 30, 2004. For the reasons that follow the defendant's motion should be denied.

**I.    ARGUMENT**

    **A.    Richard A. Berger, M.D.**

The plaintiff deposed the defendant's expert, Dr. Richard Berger on

1

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

September 20, 2002 in Chicago, Illinois. The **only** reason that the plaintiff deposed Dr. Berger in Chicago rather than in Connecticut at plaintiffs' counsel's office or in Indiana at defense counsel's offices was to avoid paying the exorbitant fee of $1,000.00 per hour for travel time. Aside from this claimed fee, the plaintiff has already paid Dr. Berger $4,000.00 for his time in preparing for and sitting for a deposition.

The fee of $1,000.00 per hour of travel time is excessive, particularly in view of the fact that the deposition was held in Chicago for the convenience of Dr. Berger and to avoid the billing of an excessive travel bill. District Courts in the Second Circuit have held that an expert witness's time spent traveling to and from a deposition is compensable under Fed. R. Civ. P. 26(b)(4)(C) **so long as it is reasonable**. State of New York v. Solvent Chemical Company, 210 F.R.D. 462, 472 (W.D.N.Y. 2002). The request to pay Dr. Berger's travel expenses at the rate of $1,000.00 is not reasonable. The defendant argues that the plaintiff did not quarrel with the travel expense **prior** to the deposition. The reason that no pre-deposition quarrel occurred was that the deposition took place in Dr. Berger's hometown. No reasonable person would anticipate that an expert

2

witness would generate $1,000.00 in reimbursable costs in simply moving from point A to point B within one city. In this particular case, Dr. Berger moved from his offices at 1725 West Harrison Street, Suite1063 in Chicago to the deposition location at 33 North Dearborn Street in Chicago. According to www.maps.yahoo.com, the distance between these two locations is 2.8 miles and the approximate travel time is 6 minutes for a roundtrip travel time of 12 minutes. (See Exhibit A.) It is unreasonable to charge $1,000.00 for travel of this sort.

Further, Dr. Berger's fee of $1,000.00 per hour for travel time is unreasonable when compared to other expert fees in this matter. By comparison, plaintiff's expert Dr. Robert Rose charged a travel fee of $350.00 per hour (See Exhibit B) and plaintiff's expert Dr. Harold Zeliger charged a travel fee of $250.00 per hour. (See Exhibit C.) Dr. Berger's fees are not reasonable, his charge for 1 hour of travel time for a 12 minute round trip is unreasonable and this Court should deny the defendant's Motion to Compel.

**B.    Lada Leda**

The defendant has not noticed Leda Lada as an expert witness and does

3

not seek reimbursement for her fees on the basis of any expert status. Rather, the defendant asserts that Leda Lada should profit from the plaintiff's agreement to pay for the deposition time and expenses relating to the depositions of two **medical doctors**, Richard F. Santore, M.D. and Steven T. Woolson, M.D. Leda Lada does not qualify for the same treatment that Dr. Santore and Dr. Woolson were afforded because Leda Lada is a fact witness without the education, training or expertise of these medical doctors, provided no expert testimony at her deposition and qualifies for deposition expense reimbursement no more or no less than any other non-expert fact witness.

Ms. Leda's formal education consists of a high school diploma and a Bachelor of Science degree. (See Exhibit D.) At the time of her deposition she stated that she was a solo consultant with no employees and indicated that she herself out as "Leda Lada" rather than as a corporation, an LLC or some other business structure. (See Exhibit E.) She described her consulting work not as scientifically or research based but as market research or marketing:

> For example, a company wishing to launch a new product, and let's say they're looking for opinion leader surgeons to have a look at their product, find

4

> out whether they would be interested in evaluating
> the product, to use the product, provide feedback,
> technical feedback perhaps, to the company, and
> perhaps to become a valued major user of a product.
> I have a network of people that I know in the industry
> and in all aspects or branches of the industry. When
> you work in product development, you get to work
> with people from all fields...And I found that I like
> working in a network of people and putting people
> together, perhaps, initiating deals and business
> development. (See Exhibit F.)

Further, as opposed to the typical case of an expert witness or a disinterested fact witness, Leda Lada, at her deposition, stated that she was, at that time, represented by the defendant Zimmer's attorneys, Baker & Daniels. (See Exhibit G.) The plaintiff is aware of no legal basis for the defendant's request for reimbursement of deposition related expenses for a former-employee fact witness who is represented by the defendant's attorneys.

Further, Leda Lada is different from Dr. Woolson and Dr. Santore, not only because she is self-employed, but because she does not have an advanced degree and is not capable of being an expert witness in this case. She is a fact witness in this case and should not benefit from the plaintiff's prior agreement to

5

pay deposition related costs to non-retained expert medical doctors such as Dr. Woolson and Dr. Santore.

Finally, this Court should note that the only caselaw cited by the defendant in support of payment to Leda Lada as "professional non-expert", Threlkeld v. White Castle Systems, Inc., 180 F. Supp.2d 985 (N.D.Ill 2002), deals with fees for the plaintiff's **treating psychologist**. The defendants provide no citation to a case or statute for payment of "professional non-expert" fees for a non-retained former employee fact witness such as Leda Lada. Accordingly, the defendant's motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, the defendant Zimmer, Inc.'s Motion to Compel should be denied.

THE PLAINTIFFS

By_____
Robert F. Rimmer/ct17238
The Reardon Law Firm, P.C.
Their Attorneys

6

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on February 9, 2004, to the following counsel of record:

Francis H. Morrison, III
Allan Taylor
Deborah S. Russo
Day, Berry & Howard, LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825

Robert T. Rimmer ct17238

7