UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | MASTER DOCKET NO. |
| | : | 3:00CV1306 (DJS) |
| Plaintiffs, | : | |
| | : | ALL CASES |
| v. | : | |
| | : | **TRIAL DATE TO BE DETERMINED** |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | FEBRUARY 17, 2004 |

**REPLY IN SUPPORT OF MOTION TO COMPEL**

Zimmer, Inc. ("Zimmer"), by its attorneys, replies in support of its motion to compel payment of witness fees as follows:

**I.**

**REPLY**

**A.    Dr. Berger**

In their memorandum in opposition to Zimmer's motion, Plaintiffs discuss the purported unreasonableness of the amount of travel time incurred by Dr. Berger and the rate of $1,000.00 per hour for travel time, but do not address the fact that they went forward with his deposition having no intention of paying his scheduled rates for travel time and yet failed to timely inform Dr. Berger or Zimmer's counsel about that decision.  Instead, Plaintiffs crow about their deception, stating that although they agree that they knew that Dr. Berger's travel time was billed at a $1,000 per hour rate, they now choose not to pay it. (Defendants' Opp. Brief at pp. 1-3.)  Apparently, Plaintiffs believe that the reasonableness standard they seek to retroactively apply to Dr. Berger's fees does not apply to their own conduct.

Plaintiffs are wrong. As stated in Zimmer's motion, on August 15, 2002, Zimmer served the report of its expert, Dr. Berger, on the Plaintiffs. Attached to the report as an exhibit was a schedule stating that Dr. Berger's fee for depositions and travel time is $1,000.00. Thus, Plaintiffs were well aware of Dr. Berger's fees in advance of the deposition.

Instead of abiding by Dr. Berger's travel time requirement, Plaintiffs did not complain about the reasonableness of Dr. Berger's fees prior to taking his deposition. By acting in this manner, Plaintiffs made sure that the issue of fees did not arise until they had already taken Dr. Berger's deposition and then just presumed that the shortfall of money would either be paid by Zimmer or absorbed by the doctor. Plaintiffs, however, are not entitled to unilaterally make that decision. If they objected to the amount of Dr. Berger's fee, they should have done so at the appropriate time – prior to his deposition – so the issue could have been fairly addressed.

Plaintiffs cite to only one case in support of their argument: *State of New York v. Solvent Chemical Co.*, 210 F.R.D. 462, 472 (W.D.N.Y. 2002). *Solvent Chemical* bolsters Zimmer's argument in holding that the deposing party must pay the expert the same rate for travel time as for all other time spent in deposition. By paying Dr. Berger's $1,000.00 rate for time spent in deposition, Plaintiffs concede its reasonableness and are therefore rightfully compelled to pay $1,000.00 for his one hour of travel time. In any event, *Solvent Chemical* does not support Plaintiff's central contention: that they may dispute the reasonableness of fees <u>after</u> taking the deposition and with full knowledge of the expert's rate. The deposing party in *Solvent Chemical* had no knowledge of the rate prior to the deposition and therefore could not have disputed its reasonableness in advance. Here, Plaintiffs had every opportunity to raise the issue in advance but chose not to do so. In fact, Plaintiffs have no authority for their argument because none exists.

Further, Plaintiffs make the erroneous assumption that the travel time should be calculated as the distance from Dr. Berger's office to the deposition site. Plaintiffs have no evidence that Dr. Berger began his travels from his office or that this was his actual travel itinerary—it is pure speculation on their part. The only evidence of the amount of travel time spent by Dr. Berger is his invoice, which as per Second Circuit law and the parties' agreement, includes the one hour of time Dr. Berger spent traveling "portal to portal" to be deposed by Plaintiffs.

**B.     Leda Hewka Lada**

In their memorandum in opposition to Zimmer's motion, Plaintiffs discuss Ms. Lada's non-expert status, but do not address the actual basis of Zimmer's motion—the parties' agreement. Drs. Woolson and Santore, just like Ms. Lada, were not designated as expert witnesses. The parties agreed in advance of Ms. Lada's deposition that Plaintiffs would pay the reasonable expenses of all professionals' time for depositions. Plaintiffs now seek to back out of the agreement, after Zimmer relied upon Plaintiffs' representations and paid Ms. Lada's expenses.

As stated in Zimmer's motion, this Court has the authority to enforce parties' agreements regarding non-party witness fees. *Threlkeld v. White Castle Sys., Inc.*, 180 F. Supp. 2d 985, 987-988 (N.D. Ill. 2002). Plaintiffs' attempt to distinguish *Threlkeld* is unavailing because *Threlkeld* held that agreements to pay non-expert witness fees are enforceable and the court made no distinction between medical professionals and non-professionals.

Accordingly, Zimmer's motion to compel payment of Ms. Lada's witness fees should be granted.

## II.

## CONCLUSION

For the foregoing reasons and those set forth in its motion to compel payment, Zimmer, Inc. respectfully requests this Court to enter an Order compelling Plaintiffs to reimburse Zimmer for the $1,000.00 in travel time for Dr. Berger and the $2,718.50 for Ms. Lada's fees, and to pay for Zimmer's attorney's fees and costs incurred in bringing this motion.

Respectfully submitted,

DEFENDANT, ZIMMER, INC.

By:_____
    Albert J. Dahm (ct21710)
    Michael S. Elvin (ct21711)
    DAHM & ELVIN, LLP
    9604 Coldwater Road, Suite 201
    Fort Wayne, Indiana  46825
    Telephone:  (260) 497-6000
    Fax:  (260) 497-6019
    E-mail:  bert.dahm@dahmelvin.com

    Francis H. Morrison, III (ct04200)
    Allan Taylor (ct05332)
    Deborah S. Russo (ct18818)
    DAY, BERRY & HOWARD, LLP
    CityPlace I
    Hartford, Connecticut  06103-3499
    Telephone:  (860) 275-0100
    Fax:  (860) 275-0343
    E-mail:  dsrusso@dbh.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that on the 17th day of February, 2004, a copy of the foregoing **ZIMMER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL** was served on the following counsel of record by first-class mail, postage prepaid:

        Robert I. Reardon, Jr., Esq.
        THE REARDON LAW FIRM, P.C.
        160 Hempstead Street
        P.O. Drawer 1430
        New London, CT  06320

        _____
        Deborah S. Russo