UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs, | : | 3:00CV1306 (DJS) |
| | : | [Pertains to 3:00CV1306(DJS); |
| v. | : | 3:01CV516(DJS); 3:01CV517(DJS); |
| | : | 3:01CV518(DJS); 3:00CV2270(DJS); |
| ZIMMER, INC., | : | 3:02CV637(DJS)] |
| | : | |
| Defendant. | : | JANUARY 7, 2005 |

**DEFENDANT ZIMMER, INC.'S
MEMORANDUM OF LAW IN OBJECTION TO
PLAINTIFFS' MOTION TO COMPEL**

Defendant Zimmer, Inc. ("Zimmer") objects to Plaintiffs' motion to compel the production of transcripts of depositions of current or former Zimmer employees, agents or consultants taken in unrelated litigation. Plaintiffs cannot establish that they are entitled to the depositions for three reasons: (1) Plaintiffs served no request to produce the subject transcripts and there is no basis to compel the production of material in the absence of a valid discovery request; (2) discovery in these cases is closed and untimely requests to produce need not be answered; and (3) the motion is untimely. Accordingly, Plaintiffs' motion must be denied. In addition, because Plaintiffs' conduct in filing this motion was not substantially justified, Zimmer is entitled to recover from Plaintiffs or their attorneys Zimmer's expenses, including reasonable attorney fees.

**I.    INTRODUCTION**

In their motion, Plaintiffs seek the production of the deposition transcripts that Magistrate Judge Franklin Noel of the United States District Court for the District of Minnesota on November 4, 2004 ordered Zimmer to produce to plaintiffs in the *Orlowski* and *Lancaster* cases.

(Ex. A, Tab 1, Nov. 4, 2004 Order in *Orlowski v. Zimmer, Inc.*, Case No. 03-CV-6076 JRT/FLN, ("*Orlowski*"), Ex. A, Tab 2, Nov. 4, 2004 Order in *Lancaster v. Zimmer, Inc.*, Case No. 03-CV-6078 JRT/FLN ("*Lancaster*").)[1]

Magistrate Judge Noel's order resulted from a motion to compel filed by plaintiffs seeking a resolution to the parties' discovery dispute. The *Lancaster* and *Orlowski* plaintiffs served requests for production on February 13, 2004 in which they sought certain deposition transcripts. (Ex. D, Tab 1, Excerpts from Plaintiffs' Requests for Production in *Orlowski*, Request No. 44, Ex. D, Tab 2, Excerpts from Plaintiffs' Requests for Production in *Lancaster*, Request No. 44.) These requests for production were properly served prior to the closure of discovery. (Affidavit of Albert J. Dahm ("Dahm Aff.") ¶ 3.)

In response to these requests, Zimmer produced to Lancaster and Orlowski the same transcripts Zimmer had been ordered to produce in *Lillebo* and *Reiling*, i.e., those taken in the instant Connecticut cases. (Dahm Aff. ¶ 4.) At the same time, Zimmer objected to producing the depositions taken in the *Lillebo* and *Reiling* cases because compliance with the request would violate the protective orders entered in *Lillebo* and *Reiling*, pursuant to which the transcripts of current or former Zimmer employees, agents or consultants had been designated confidential. (*Id.*)

---

[1] Plaintiffs contend in their motion that they also seek the transcripts Zimmer was ordered to produce in *Lillebo v. Zimmer, Inc.*, Case No. 03-CV-2919 JRT/FLN ("*Lillebo*") and *Reiling v. Zimmer, Inc.*, Case No. 03-CV-2920 JRT/FLN ("*Reiling*"). (Pls.' Br. at 2.) The only deposition transcripts Zimmer was ordered to produce in *Lillebo* and *Reiling* were those taken in connection with the instant cases in the District of Connecticut. (Ex. B, Order of Dec. 10, 2003.) Plaintiffs presumably do not seek the production of transcripts from their own cases; accordingly, the *Lillebo* and *Reiling* order is irrelevant to their motion. Further, the *Lillebo* and *Reiling* order is not persuasive here for the same reason that the *Orlowski* and *Lancaster* orders fail to provide support to Plaintiffs: the orders on the *Lillebo* and *Reiling* plaintiffs' motions to compel followed valid requests to produce the deposition transcripts. (Ex. C, Tab 1, Excerpts from Plaintiffs' Requests for Production in *Lillebo*, Request No. 43, Ex. C, Tab 2, Excerpts from Plaintiffs' Requests for Production in *Reiling*, Request No. 44.)

Lancaster and Orlowski challenged Zimmer's objection and filed a motion to compel. (Dahm Aff. ¶ 5.) Over Zimmer's objection, Magistrate Judge Franklin Noel granted Lancaster and Orlowski's motion and ordered Zimmer to respond to the discovery requests by producing the confidential transcripts of depositions of Zimmer employees, agents, or consultants from the *Lillebo* and *Reiling* cases. (Ex. A, Tabs 1 and 2.)

Here, unlike the plaintiffs in *Lancaster*, *Orlowski*, *Lillebo*, and *Reiling*, Plaintiffs did not request that Zimmer produce the subject deposition transcripts prior to the completion of discovery.[2] (Ex. E, Scheduling Order, Jan. 14, 2002; discovery closed on April 19, 2002.) Plaintiffs did not ask for the transcripts until their December 8, 2004 correspondence, more than 17 months after summary judgment motions and motions to exclude expert testimony were fully briefed. (Dahm Aff. ¶ 7.)

## II. ARGUMENT

Plaintiffs do not cite any authority in their motion pursuant to which this Court could compel the production of the deposition transcripts at issue. Plaintiffs argue that FED. R. CIV. P. 26 "mandates the discovery of all relevant information;" that pursuant to FED. R. CIV. P. 32, a previously taken deposition may be used for any purpose; and that under FED. R. EVID. 801 the deposition transcripts are admissible at trial. (Pls.' Br. at 3.) None of these rules provide a basis for the Court to order the production of discovery materials.

Plaintiffs have not established that they are entitled to the deposition transcripts and this Court should not grant their motion for three reasons: (1) Plaintiffs served no request to produce

---

[2] Plaintiffs did serve requests to produce on Zimmer in September 2000, March 2001, and July 2001; however, none of Plaintiffs' requests sought the production of the deposition transcripts at issue here. (Dahm Aff. ¶ 6.) This explains Plaintiffs' failure to attach to its motion the discovery requests in dispute as required by Local Rule 37(a)(3).

the subject transcripts and there is no basis to compel the production of material in the absence of a valid discovery request; (2) discovery in these cases is closed and untimely requests to produce need not be answered; and (3) the motion is untimely. In addition, because Plaintiffs' actions in filing this motion to compel were not substantially justified, Zimmer is entitled to recover from Plaintiffs or their attorneys Zimmer's expenses, including reasonable attorney fees.

> A. **There is No Basis to Compel the Production of Transcripts That Are Not the Subject of a Valid Request for Production Under Rule 34.**

A motion to compel the production of documents is proper only under FED. R. CIV. P. 37. *Independent Prods. Corp. v. Loew's Corp.*, 283 F.2d 730, 733 (2d Cir. 1960)(Rule 37 provides exclusive relief for failure to produce). A party may move to compel production under Rule 37 only if "a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested." FED. R. CIV. P. 37(a)(2)(B). Letters between counsel are not document requests under Rule 34. *Suid v. Cigna Corp.*, 203 F.R.D. 227, 229 (D.V.I. 2001)(party cannot be compelled to produce materials requested in correspondence); *Sithon Maritime Co. v. Holiday Mansion*, No. Civ. A. 96-2262-EEO, 1998 WL 182785, at *2 (D. Kan. Apr. 19, 1998)(letter not a proper request for production). Because Plaintiffs did not make a request under Rule 34, their motion to compel is inappropriate and must be denied.

> B. **A Party Need Not Answer Untimely Requests to Produce.**

Even if Plaintiffs' letter constitutes a valid request for production, Zimmer is under no obligation to respond to it. Requests for production must be served to allow sufficient time for the responding party to comply prior to the completion of discovery. JAY E. GRENIG AND JEFFREY S. KINSLER, HANDBOOK OF FEDERAL CIVIL DISCOVERY AND DISCLOSURE § 9.31 (2004 Supp.). *See, e.g., Coleman v. Hertz Corp.*, 578 F. Supp. 1458, 1463 (N.D. Ga. 1983)(party need

4

not respond to requests for production served only one day prior to the close of discovery). Here, Plaintiffs did not request the deposition transcripts at issue until December 8, 2004, more than two years after the close of discovery. Plaintiffs' request is untimely and their motion should be denied.

### C.    Plaintiffs' Motion to Compel is Untimely.

Even if Plaintiffs' motion to compel has some basis, a fact that Zimmer does not concede, their motion is untimely under two equally applicable standards: (1) this Court's Scheduling Order of September 19, 2001 requiring a party to file the motion to compel within a specified time and (2) federal case law requiring a party to file a motion to compel within a reasonable time. Under both standards, Plaintiffs' motion is long overdue.

#### 1.    Motions to Compel Must Be Filed Within 20 Days Under Scheduling Order

Pursuant to this Court's September 20, 2001 Scheduling Order:

> Motions to compel <u>must</u> be filed within twenty (20) days of either (1) the failure of an opposing party to provide information on a timely basis pursuant to the time provided for in the rules or by order of this Court; or (2) the movant's receipt of an opposing party's unsatisfactory response to requests for discovery.

(emphasis in original)(Ex. F, Scheduling Order, Jan. 14, 2002.)[3] Plaintiffs served their last requests to produce on July 27, 2001. (Dahm Aff. ¶ 8.) Zimmer served its response on August 29, 2001. (*Id.*) Under the plain language of this Court's order, if Plaintiffs believed Zimmer's response to be unsatisfactory Plaintiffs had to file their motion to compel no later than September 18, 2001. Plaintiffs did not file their motion until December 22, 2004. Their motion to compel is untimely and must be denied.

5

### 2. In General, Motions to Compel Must Be Filed Within a Reasonable Time

Even if this Court's Scheduling Order did not contain its specific deadlines, parties are obligated to file motions to compel within a reasonable time after the discovery failure. GRENIG, ET AL. § 12.10 (2d ed.). Courts routinely find the passage of several months after the close of discovery to be an unreasonable lapse of time and deny such motions to compel as untimely. *See, e.g. Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)(appeals court upheld trial court's denial of motion to compel as untimely where motion filed two months after discovery closed); *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999)(motion to compel discovery responses denied as untimely where motion was filed 76 days after the close of discovery and 136 days after the receipt of the responses to party's discovery); *Glenn v. Scott Paper Co.*, Civ. A. No. 92-1873, 1993 WL 431161, at *10 n.3 (D.N.J. Oct. 20, 1993)(accusations of withholding and destroying evidence dismissed as untimely where issue not raised until after discovery closed and summary judgment motion filed).

*Rossetto* is instructive. In *Rossetto*, the trial court denied plaintiffs' motion to compel discovery (filed two months after the completion of discovery) and granted summary judgment in favor of the appellant. 217 F.3d at 541. The Seventh Circuit found that plaintiffs' appeal of the denial of the motion to compel discovery had "no possible merit...The plaintiffs gave (and give) no excuse for their tardiness, and so have no grounds for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, the bane of modern litigation." *Id.*

---

[3] Although the most recent scheduling order dated January 14, 2002 does not contain the 20 day deadline for service of motions to compel, the scheduling orders in place when Zimmer served its discovery responses do contain this language.

Here, in a scenario far more extreme than the two month delay in *Rossetto*, discovery has been closed for more than two and a half years. Plaintiffs' unreasonable delay in seeking the deposition transcripts requires this Court to deny their motion to compel.

### D. Zimmer is Entitled to Recover Its Expenses Because Plaintiffs' Actions In Filing The Instant Motion to Compel Were Not Substantially Justified.

Plaintiffs have no legal basis for filing the instant motion to compel. In this regard, Rule 37(a)(4)(B) provides that:

> If the motion is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(4)(B).[4] Under the rule's plain language, this fee-shifting award is mandatory unless the moving party shows that its actions in making the motion were substantially justified or some other circumstances exist to make an award of expenses unjust.

A party's actions in filing a motion to compel are not substantially justified if there is no factual support for the motion. *Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 700-01 (6th Cir. 2003). Similarly, Plaintiffs' actions here were not substantially justified because there is no factual support for their motion. Plaintiffs filed this motion to compel based on a letter – an improper request for production – sent long after discovery closed. Not only was Zimmer forced to respond to the motion here in the District of Connecticut, but also in the *Johnson v. Zimmer* case, Civil No. 02-1328 JRT/FLN, filed by Plaintiffs' counsel in

7

the District of Minnesota. (Dahm Aff. ¶ 9.) Plaintiffs' actions in filing this motion are unjustified and unjustifiable and fee-shifting is appropriate.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs have not demonstrated and cannot demonstrate that they are entitled to the subject deposition transcripts. Zimmer therefore respectfully requests that the Court deny Plaintiffs' motion to compel and order Plaintiffs or their attorneys to reimburse Zimmer for its expenses, including reasonable attorney fees.

Dated: January 7, 2005                                   DEFENDANT, ZIMMER, INC.


By:_____
    Francis H. Morrison, III (ct04200)
    Allan Taylor (ct05332)
    Deborah S. Russo (ct18818)
    DAY BERRY & HOWARD, LLP
    CityPlace I
    Hartford, Connecticut  06103-3499
    Telephone:  (860) 275-0100

    Albert J. Dahm (ct21710)
    Michael S. Elvin (ct21711)
    DAHM & ELVIN, LLP
    9604 Coldwater Road, Suite 201
    Fort Wayne, Indiana  46825
    Telephone:  (260) 497-6000

---

[4] In the event this Court finds that Plaintiffs' motion was not brought under Rule 37 because it did not arise out of a failure to respond to a discovery request, Zimmer reserves the right to seek Rule 11 sanctions through the procedures set forth in Rule 11(c)(1)(A).

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of January, 2005, a copy of the foregoing **DEFENDANT ZIMMER, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** was served on the following counsel of record by first-class mail, postage prepaid:

>Robert I. Reardon, Jr.
>THE REARDON LAW FIRM, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

_____
Deborah S. Russo