UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOLORES DUNN and <br> DONALD DUNN, <br><br> Plaintiffs, <br><br> v. <br><br> ZIMMER, INC., <br><br> Defendant. | : <br> : <br> :    CIVIL ACTION NO. 300CV1306 (DJS) <br> : <br> : <br> : <br> : <br> : <br> : <br> :    JANUARY 7, 2005 |

**<u>AFFIDAVIT OF ALBERT J. DAHM</u>**

1. I am over eighteen years of age and I am competent to make this affidavit. I have personal knowledge of the facts set forth herein.

2. I am an attorney licensed to practice law in the state of Indiana. I represent Zimmer, Inc. ("Zimmer") in the above-captioned matter and in the following District of Minnesota cases: *Orlowski v. Zimmer, Inc.*, Case No. 03-CV-6076 JRT/FLN ("*Orlowski*"); *Lancaster v. Zimmer, Inc.*, Case No. 03-CV-6078 JRT/FLN ("*Lancaster*"); *Lillebo v. Zimmer, Inc.*, Case No. 03-CV-2919 JRT/FLN ("*Lillebo*"); *Reiling v. Zimmer, Inc.*, Case No. 03-CV-2920 JRT/FLN ("*Reiling*"); and *Johnson v. Zimmer, Inc.*, Case No. 02-CV-1328 JRT/FLN ("*Johnson*").

3. On February 13, 2004, prior to the close of discovery in their respective cases, the plaintiffs in *Lancaster* and *Orlowski* served requests for production on Zimmer requesting, *inter alia*, the transcripts of depositions of Zimmer employees, agents, or consultants taken in other litigation.

4.      In response to the *Lancaster* and *Orlowski* requests, Zimmer produced the transcripts of the depositions taken in the instant District of Connecticut cases. At the same time, Zimmer objected to producing the depositions taken in the *Lillebo* and *Reiling* cases because compliance with the request would violate the protective orders entered in *Lillebo* and *Reiling*, pursuant to which the transcripts of current or former Zimmer employees, agents or consultants had been designated confidential.

5.      The plaintiffs in *Lancaster* and *Orlowski* filed a motion to compel the production of the *Lillebo* and *Reiling* transcripts and Zimmer's objections to production were overruled.

6.      Plaintiffs here served requests to produce on Zimmer in September 2000, March 2001, and July 2001, however, none of Plaintiffs' requests sought the production of deposition transcripts.

7.      The plaintiffs here did not request the transcripts of depositions taken in other cases until their December 8, 2004 correspondence, more than 17 months after summary judgment motions and motions to exclude expert testimony were fully briefed.

8.      Plaintiffs served their final requests to produce on July 27, 2001. Zimmer served its response to those requests on August 29, 2001.

9.      Counsel for Plaintiffs also represent the plaintiffs in the *Johnson* case and have brought an identical motion in that case. Plaintiffs served no discovery in *Johnson* and also base that motion to compel on correspondence sent long after the close of discovery.

10.     Copies of the two unreported cases cited in Zimmer's memorandum (*Sithon Maritime Co. v. Holiday Mansion*, No. Civ. A. 96-2262-EEO, 1998 WL 182785 (D. Kan.

2

Apr. 19, 1998)and *Glenn v. Scott Paper Co.*, Civ. A. No. 92-1873, 1993 WL 431161 (D.N.J. Oct. 20, 1993)) are attached as Exhibits G and H to the memorandum.

                                                                                                                      _____

                                                                                                                      Albert J. Dahm

STATE OF INDIANA     )
                              ) SS:
COUNTY OF ALLEN    )

        Before me, a Notary Public in and for said State, personally appeared Albert J. Dahm, who acknowledged that the foregoing representations are true.

        Witness my hand and Notarial Seal this _____ day of _____, 2005.

                                        _____
                                                  Notary Public

                                        _____
                                                  [Printed]