UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLEN LILLEBO, and PATRICIA LILLEBO, | Civil No. 03-2919 (JRT/FLN) |
| Plaintiffs, | |
| v. | **O R D E R** |
| ZIMMER, INC., | |
| Defendant. | |
| EVELYN REILING, and PAUL REILING | Civil No. 03-2920 (JRT/FLN) |
| Plaintiffs, | |
| v. | **O R D E R** |
| ZIMMER, INC., | |
| Defendant. | |

APPEARANCES

Daniel O'Fallon, Esq., for Plaintiffs Allen and Patricia Lillebo, and Eveyln and Paul Reiling

Mark W. Lee and Michael Elvin, Esqs., for Defendant Zimmer, Inc.

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 2, 2003 on Plaintiffs' Motion to Compel (Doc. No. 24 in Civil No. 03-2919; Doc. No. 25 in Civil No. 03-2920). The cases are related and are proceeding together through pretrial discovery. The cases had been referred to the undersigned Chief

FILED DEC 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

Magistrate Judge for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Subsequent to the filing of the instant motion before this Court, however, several additional plaintiffs filed Centralign claims in the District of Minnesota. Consequently, all related Centralign cases, including the above, have been reassigned to the Honorable Judge John R. Tunheim and the Honorable Magistrate Judge Franklin L. Noel for all future dispositions.

I. **INTRODUCTION**

Defendant Zimmer, Inc., ("Zimmer") manufactured and sold a cemented femoral component called Centralign used in hip replacement surgeries. Plaintiffs Eveyln Reiling and Allen Lillebo each received Centralign hip implants (femoral stems) from the same doctor. Both claim the Centralign hip failed and now sue Zimmer under a theory of products liability for the allegedly defective medical device. Their spouses sue on derivative claims.

For the second time in this litigation, the parties have requested that this Court resolve a discovery impasse. Also for the second time, this Court has fashioned a remedy that is a reasoned compromise between two divergent positions. Various plaintiffs in various jurisdictions have brought suit against Zimmer for its allegedly defective Centralign product. Plaintiffs Reiling and Lillebo now seek access to five types of information from Zimmer's previous Centralign suits pursuant to Federal Rule of Civil Procedure 37(a). Specifically, Plaintiffs request the following documents related to other cases involving the failure of Centralign femoral stems: (1) documents produced by

- 2 -

Defendant; (2) Defendant's discovery responses; (3) other pleadings filed by any party along with accompanying memoranda and exhibits; (4) expert reports served or filed by any party; and (5) deposition transcripts, with exhibits, of depositions taken of Zimmer's employees, consultants, and agents. (Pls.'s Mem. Supp. Mot. Compel at 2-3.) Plaintiffs informed Defendant that they most wanted the depositions of Zimmer employees and consultants along with any exhibits to those depositions. (Id. at 4.) Zimmer responded that it would produce the wanted depositions from Centralign litigation in Connecticut if Plaintiffs would agree to deem the depositions as having been taken in the two cases at hand and forego the pursuit of all other discovery materials produced in the other Centralign cases. Zimmer later also offered to treat the deposition transcripts as if they were a first session in these cases so that follow-up questions and asked-and-answered objections would both be appropriate. (Def.'s Mem. Opp'n Mot. Compel at 2.) When the parties' attempts at negotiating a compromise failed, Plaintiffs brought this Motion to Compel. Finally, at oral argument Plaintiffs represented that they have no objection to the redaction of the other plaintiffs' names and information from the discovery sought as they are only interested in information about Defendant.

## II.    DISCUSSION

Federal Rule of Civil Procedure 1 mandates that the Rules of Civil Procedure be construed to "secure the just, speedy and inexpensive determination of every action." Additionally, however, the Rules contemplate

liberal discovery; the information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 501 (1947). A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial. In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Hickman, 329 U.S. at 501. This inherent tension in the Rules is resolved by fashioning remedies that secure a just balance between opposing parties' interests.

In the present case, neither party has provided this Court with a controlling case on the question of whether Plaintiffs may force Zimmer to produce virtually every document filed or served in other cases involving alleged failures of Centralign implants. Plaintiffs offer numerous cases from other jurisdictions, some of which are on point, while Defendant argues that this is an issue of first impression in this jurisdiction such that equitable considerations should control. Zimmer further argues that Plaintiffs are abusing the discovery process by seeking to have the company produce all previously produced documents from other suits in addition to responding to fifty-one other production requests in the present case.

In essence, Plaintiffs' discovery requests are extremely over-broad and Defendant's offering is too narrow. As a compromise, the Court finds that

- 4 -

Plaintiffs are entitled to the transcripts, with exhibits, of depositions taken of Zimmer's employees, consultants, and agents in previous litigation involving the failure of Centralign femoral stems. Further, this production in no way limits Plaintiffs' right to depose witnesses for the purpose of preserving testimony for trial. Second, Defendant must produce its expert reports prepared in connection with earlier litigation involving Centralign failures, but not expert reports served or filed by other parties. Thus, the Court only grants Plaintiffs' fourth request in part and Plaintiffs' fifth request in whole.

Zimmer is encouraged to redact personal information of previous plaintiffs from such discovery to the extent not already required by any existing orders of protection. The Court lastly notes that Plaintiffs will have a high burden if they seek further discovery related to Zimmer's previous litigation.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (Doc. No. 24 in Civil No. 03-2919; Doc. No. 25 in Civil No. 03-2920) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: December 10, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge