UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (DJS) |
| | : | |
| | : | [pertains to 3:00CV1306(DJS); |
| | : | 3:01CV516(DJS); |
| | : | 3:01CV517(DJS); |
| | : | 3:01CV518(DJS); |
| | : | 3:00CV2270(DJS); |
| | : | 3:02CV637(DJS)] |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | JANUARY 10, 2005 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL**

The plaintiffs in the above matter hereby respectfully submit the following reply memorandum in support of their December 22, 2004 Motion to Compel. For the reasons that follow, this motion should be granted and the defendant should be ordered to produce the requested materials.

**I.      The Plaintiffs Served Formal Discovery Requests Upon The**

-1-

**Defendant**

On page 4 of their Objection to the plaintiffs' Motion to Compel, the defendant, Zimmer, Inc. ("Zimmer"), asserts that the plaintiffs served no formal discovery request in this case. The plaintiffs served Interrogatories and Requests for Production on the defendant dated September 18, 2000. Interrogatory Number 19 requests information relating to other legal actions filed against the defendant Zimmer, Inc. involving Centralign hip implant devices. Additionally, Request for Production Number 12 seeks the production of court documents relating to the cases identified in Interrogatory Number 19. Despite Zimmer's assertions to the contrary, the plaintiffs served formal discovery requests upon Zimmer for the subject information.

II. **The Plaintiffs In This Case Should Not Be Penalized Because Their Discovery Deadline Expired Before The Deadline In Related Cases**

On page 5 of their Objection, Zimmer asserts that the plaintiffs' motion to compel should be denied because the plaintiffs did not request the subject information until after the close of discovery in this case. In pursuing this

-2-

argument, Zimmer seeks to unfairly benefit from the chronology of events in this matter.  That is, the plaintiffs in this matter filed their suit before other plaintiffs took similar action.  As a result, discovery in this matter closed before some plaintiffs had even filed their suits.  The plaintiffs in this matter should not be penalized because discovery closed in this case before discovery closed in the other cases pending against Zimmer.  Further, as Zimmer admits on pages 1 through 3 of its Objection, the United States District Court for the District of Minnesota has ordered Zimmer to produce deposition transcripts to the plaintiffs in the other related cases.  The plaintiffs in this matter should receive similar treatment.

      Similarly, the plaintiffs should not be denied relief based upon the defendant's argument that the scheduling order requires any motion to compel to be filed within twenty days of an opposing party's failure to respond to a discovery request.  In the present matter, the defendant's failure to respond has, upon information and belief, occurred each time that the defendant has received or transmitted information in the other Centralign cases pending against it.  Due to the entry of confidentiality orders in these cases (including the above

−3−

captioned cases) the plaintiffs are unable to timely move to compel the production of information of which they receive no notice. This Court should not deny the plaintiffs' motion upon the basis of the defendant's arguments in this regard.

### III.    This Court Should Deny The Defendant's Request For Fees And Expenses

Zimmer's requests for fees and expenses related to its opposition to the plaintiffs' motion to compel as set forth on pages 7 and 8 of its Objection should be denied. Zimmer bases this request on its assertion that the plaintiffs' motion to compel was not preceded by any formal discovery request and because the plaintiffs' motion to compel was submitted after the close of discovery. Zimmer's request for fees and expenses should be denied because the plaintiffs did submit formal discovery requests and because the plaintiffs seek information from related cases in which discovery deadlines expired after the deadline in this case.

### IV.    CONCLUSION

–4–

For the foregoing reasons, this Court should grant the plaintiffs' Motion to Compel and deny the defendant's objection.

THE PLAINTIFFS

By    /s/ Robert T. Rimmer
Robert T. Rimmer
Fed. Bar No. 17238
**The Reardon Law Firm, P.C.**
160 Hempstead Street
New London, CT  06320
Tel:   860-442-0444
Fax:   860-444-6445
Email: reardonlaw@aol.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed or electronically delivered on January 10, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Attorneys for Zimmer, Inc.

                                                            /s/ Robert T. Rimmer
                                                            Robert T. Rimmer