UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et. al., | : | 3:00CV1306 (DJS) |
| Plaintiffs, | : | |
| -v- | : | |
| | : | |
| ZIMMER, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF DECISION**

Defendant, Zimmer, Inc. ("Zimmer"), has moved the court to exclude the testimony of

Dr. Robert Rose ("Rose") **[doc. #157]** and Dr. Harold Zeliger ("Zeliger") **[doc. #172]**. Dr. Rose

is a professor of materials science and engineering at the Massachusetts Institute of Technology

while Dr. Zeliger is a professional chemist. Both men have been retained by the plaintiffs as

expert witnesses. Zimmer argues that, pursuant to Rule 702 of the Federal Rules of Evidence,

neither Dr. Rose nor Dr. Zeliger is qualified as an expert thus rendering their opinions unreliable.

The standard for admitting expert testimony into evidence under Rule 702 involves a

three-part inquiry.[1]  First, the court must consider whether "the testimony is based upon sufficient

facts and data." F.R.E. 702. Second, the testimony must be the product of reliable principles and

methods. F.R.E. 702. Finally, the witness must show that he has applied the principles and

methods reliably to the facts of the case. F.R.E. 702. The purpose of the court's inquiry is to

protect the courtroom from "junk science while admitting reliable expert testimony that will

assist the trier of fact." Amorgianos v. National R.R. Passenger Corp., 303 F.3d 256, 267 (2d Cir.

2002).

The issues raised by Zimmer in its motions have previously been considered, and largely

---

[1]Rule 702 to fully incorporates the gate-keeper function outlined for the district courts in
Daubert v. Merrell Dow Pharmaceuticals, Inc, 509 U.S. 579 (1993). Implicit in the court's
analysis is an application of the non-exclusive list of factors identified in Daubert as tools for
assessing the reliability of expert testimony. Daubert, 509 U.S. at 592-594.

rejected, by another federal district court. Johnson v. Zimmer, No. Civ. 02-1328 JTNFLN, 2004

WL 742038,  (D.Minn. March 31, 2004).[2] The analysis of the Minnesota District Court in

Johnson is highly instructive and persuasive regarding the pending motions. The Minnesota court

found that Dr. Rose is "extremely well qualified in the fields of materials science and

engineering" and that he "applied long established materials science and engineering principles"

to the facts when preparing his report. Johnson, 2004 WL 742038 at *4-5. This court

substantially agrees with the Minnesota court's conclusions that Dr. Rose's report could be

admitted in full and that the presence of contradictory expert opinions does not render the

testimony inadmissible. Id. at *5. Zimmer is entitled and encouraged to challenge Dr. Rose's

testimony at trial, but the potential for a vigorous cross-examination does not affect the

admissibility of evidence. Dr. Rose's expert opinions are admissible.

Similarly, the Minnesota court in Johnson considered the admissibility of Dr. Zeliger's

conclusions. Dr. Zeliger offered opinions regarding the chemical stability of the pre-coated

PMMA layer on the femoral stem, the propriety of testing done on the femoral stem, the quality

control procedures used for testing the stem and the regulatory requirements that govern approval

of medical devices such as artificial hips. Then Minnesota court found that Dr. Zeliger is an

expert in chemistry who applied well-established techniques of chemical analysis to the facts in

rendering his opinion regarding the stability of the PMMA layer. Johnson, 2004 WL 742038 at

*5. The court also found Zeliger's opinion regarding the testing of coated coupons to be based on

his expertise as a chemist. Id. Dr. Zeliger's opinions regarding quality control and federal

regulatory requirements were deemed beyond his expertise and excluded.

---

[2]The court in Johnson was engaged in review of an appeal of a magistrate judge's order
resolving the admissibility of the expert testimony. The Magistrate Judge's order, dated August
21, 2003, was submitted to this court as Appendix A to the plaintiffs' notice of decision filed
August 25, 2003.

The opinion of the <u>Johnson</u> court regarding Dr. Zeliger are, again, highly persuasive. The court's analysis is clear and does not need to be repeated here. Dr. Zeliger is a highly trained expert in chemistry and his opinions regarding the stability of the bonding of the pre-coat PMMA layer to the femoral stem are admissible. Similarly, his testimony regarding the responses of the test-coupons to polymer coating is within his expertise and admissible. The remainder of his testimony is excluded.

<u>**Conclusion**</u>

The court is persuaded by the analysis of the Minnesota District Court in <u>Johnson</u> and substantially adopts the court's conclusions. A review of the briefs and materials submitted to this court, including the expert reports and supporting materials, gives this court no reason to disagree with the decisions reached in <u>Johnson</u> regarding essentially the same expert reports. Dr. Rose's testimony is admissible in its entirety. The motion to exclude **[doc. #157]** is **DENIED**. Dr. Zeliger's testimony based on the opinions offered in Sections A (in full) and B (paragraph 5) of his expert report are admissible. Testimony based on the opinions offered in the remainder of Section B and Section C of the report is excluded. The motion to exclude **[doc. #172]** is **GRANTED in part**.

**IT IS SO ORDERED** at Hartford, Connecticut, this ___4th___ day of March, 2005.

_____/s/DJS_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**