UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DOLORES DUNN, et. al.,** | : | 3:00CV1306 (DJS) |
|     **Plaintiffs,** | : | |
| -v- | : | |
| | : | |
| **ZIMMER, INC.,** | : | |
|     **Defendant.** | : | |

## ORDER

Now pending before the court are defendant Zimmer, Inc.'s ("Zimmer") motion to compel reimbursement of fees **[doc. #253]** and Plaintiffs's motion to compel discovery of certain depositions taken in other litigation matters **[doc. #263]**. Defendant's motion is **GRANTED in part**. Plaintiff's motion is **GRANTED**. The court **ORDERS** the following:

**1.** Defendant's motion to recover the $1,000 in traveling costs allegedly owed to Dr. Richard Berger is denied. The costs are not reasonable under the circumstances, in which Dr. Berger was not required to travel outside the city of Chicago in order to attend the deposition. There is no basis in fact for the claimed $1,000 fee and plaintiffs are not obligated to reimburse Zimmer for that sum.

**2.** Defendant's motion for reimbursement of the $2,718,50 allegedly owed to Leda Lada is granted. The parties had an agreement to pay the costs associated with the depositions of non-expert professionals and Lada falls within that category. Plaintiffs offer no basis for disregarding the agreement except to claim that they are not legally required to pay the fees of non-expert witnesses. The plaintiffs are correct that they were not legally bound to enter the agreement to pay costs, but having entered such an agreement, they are bound to honor it. Plaintiffs shall reimburse defendant in the sum of $2,718.50.

**3.** Plaintiffs seek to compel the discovery of depositions taken in various lawsuits now

pending in the United States District Court for the District of Minnesota. The motion to compel is granted. The court finds that the documents requested by the present motion were requested under Interrogatory 19, served on the defendants September 18, 2000. It is true that the depositions presently at issue did not exist at the time of the discovery request, but that does not alter their relevance or materiality. The depositions meet the standard of Rule 26(b)(1) that they be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The court has the authority, for good cause, to "order discovery of any matter relevant to the subject matter involved in the action." Id. The materials are relevant and the delay in seeking their production is excused because they were not available until recently. Further, all questions regarding prejudice or inadmissibility can be resolved during pre-trial conference and do not affect discovery. Zimmer is **ORDERED** to produce the requested deposition transcripts **no later than 10 days** from the entry of this order.

**IT IS SO ORDERED** at Hartford, Connecticut, this __9th__ day of March, 2005.

　　　　　　　　　　　　　　　　　　　　　　　__/s/DJS__
　　　　　　　　　　　　　　　　　　　　　　　**DOMINIC J. SQUATRITO**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**