UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DOLORES DUNN, et. al.,** | : | 3:00CV1306 (DJS) |
| **Plaintiffs,** | : | |
| -v- | : | |
| | : | |
| **ZIMMER, INC.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM OF DECISION

Defendant, Zimmer, Inc. ("Zimmer"), has moved the court **[doc. #207]** to exclude the testimony of Dr. Lisa A. Pruitt ("Pruitt"), an expert retained by the plaintiffs as a rebuttal witness, on the grounds that the plaintiffs failed to disclose Dr. Pruitt as an expert in a timely fashion. The court **GRANTS** the motion for the following reasons.

## Background

Plaintiffs Dolores Dunn, Stacia Bogden, Sonia Fuentes-Weed, Joann Lopes and Cynthia Vino (collectively "Plaintiffs" or "Dunn") filed the present lawsuit on July 10, 2000. All of the plaintiffs seek damages from Zimmer arising out of the manufacture of allegedly defective artificial hip implants. Plaintiffs have retained a variety of experts to aid in the presentation of their case. Dr. Pruitt was not among the experts disclosed by the plaintiffs. Defendant disclosed its experts in August 2002 and plaintiffs were scheduled to complete depositions of Zimmer's experts in September 2002. There was no provision in the court's scheduling order for the disclosure of rebuttal experts. Zimmer filed motions for summary judgment on December 5, 2002. Plaintiffs then produced Dr. Pruitt as an expert and produced her expert report in the responses to Zimmer's motions for summary judgment filed on March 14, 2003. Zimmer then moved to preclude Dr. Pruitt's expert testimony as untimely on April 30, 2003.

**Discussion**

Zimmer has moved to preclude Dr. Pruitt's testimony on the grounds that Plaintiffs failed to properly and timely disclose her as an expert in accord with the court's orders and the Federal Rules of Civil Procedure. Plaintiffs respond with the assertion that Dr. Pruitt is a rebuttal witness and thus need not be disclosed at the same time as other expert witnesses under the Federal Rules. Further, Plaintiffs dispute that Zimmer will be prejudiced in any fashion through the admission of Dr. Pruitt's testimony.

The Federal Rul provide that, where an expert's report is produced solely for the purpose of contradicting or rebutting the testimony of another party's expert, the rebuttal expert must be disclosed within thirty days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(C).[1] The rule is a default that may be avoided by court order or by stipulation of the parties. In re Kreta Shipping, S.A., 181 F.R.D. 273, 276 (S.D.N.Y. 1998). Failure to meet the deadlines set forth in either the Federal Rules or the court's orders may result in the exclusion of the rebuttal expert's testimony. Id.

The remedy of exclusion is considered "drastic" and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants. Cartier, Inc. v. Four Star Jewelry Creations, Inc., No. 01Civ.11295, 2003 WL 22471909 *1, (S.D.N.Y. Oct. 31, 20003). The decision to preclude considers the existence of prejudice in fact against the surprised party, the ability to cure the prejudice, the extent to which the

---

[1] Zimmer claims that Local Rule of Civil Procedure 16(b) establishes the standard for review of the motion to exclude. Rule 16(b) establishes that the court's scheduling order may not be modified except by a showing of good cause by the party seeking modification. D.Conn.L.Civ.R. 16(b). There is not, however, any motion to modify any scheduling order pending in this case. The court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore the Rule 26(a)(2)(C) applies as a default. Thus, the court will apply the standard for reviewing motions made pursuant to Fed.R.Civ.P. 37(c), which governs the court's authority to remedy violations of Rule 26(a).

improperly disclosed testimony would disrupt trial and whether the failure to disclose was a bad faith or willful act. See, In re Kreta, 181 F.R.D. at 277; Cartier, 2003 WL 22471909 at *2.

The facts here show that the thirty day window for disclosure of rebuttal experts began to tick at some point during September 2002. The report of Dr. Pruitt was not disclosed until March 2003, in response to Zimmer's motions for summary judgment. The post-motion disclosure of a witness that the plaintiffs were obligated to disclose, pursuant to Rule 26(a)(2)(C), no later than Nov. 1, 2002, at the latest, must be considered highly prejudicial. Zimmer was deprived of an opportunity to consider and respond to Dr. Pruitt's testimony in its motions for summary judgment. Re-opening the period for discovery, a necessary step to cure the prejudice suffered by Zimmer, would be disruptive and costly and is certainly unwarranted at this time. The prejudice to Zimmer is serious and extremely difficult to cure without severe disruptions of the case.

Plaintiffs offer no explanation for the late disclosure of Dr. Pruitt beyond an assertion that they are entitled to use rebuttal experts. The court does not question the right to use rebuttal experts, but that right is not unlimited and plaintiffs do not cite to, or show any awareness of, the time restrictions set forth in Rule 26(a)(2)(C). Plaintiffs make no claim that the late conclusion of discovery regarding defendants' experts led to the untimely disclosure of Dr. Pruitt, and there is nothing in the present record that would permit such an inference. Plaintiffs contend that there is no prejudice to Zimmer because Dr. Pruitt's testimony is rebuttal evidence that merely bolsters the testimony of other expert witnesses, but, even if that is the case, Zimmer was still entitled to consider Dr. Pruitt's report while preparing its motions for summary judgment. Plaintiffs' failure to properly disclose Dr. Pruitt has resulted in prejudice to Zimmer that cannot easily be cured.

## Conclusion

Plaintiffs failed to disclose Dr. Pruitt as a rebuttal expert within the time set forth by Rule 26(a)(2)(C). Zimmer suffered prejudice to its case as a result of plaintiffs use of a surprise

witness and that prejudice cannot be cured in a reasonable fashion. Plaintiffs offer no explanation for their failure to properly disclose Dr. Pruitt, and absent some explanation the witness must be excluded. Dr. Pruitt is not permitted to testify in this action and her expert report and affidavit are stricken from the record. The motion to preclude expert testimony **[doc. #207]** is **GRANTED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this   9th   day of March, 2005.

          /s/DJS          
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**