UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | [Pertains only to |
| v. | : | 3:01CV518 (JCH)] |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | MAY 20, 2005 |

**ZIMMER, INC.'S RENEWED MOTION FOR
SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Zimmer, Inc. ("Zimmer") moves the Court for an order granting summary judgment in Zimmer's favor on Plaintiff's design defect and failure to warn product liability claims. Zimmer further requests that the Court enter an Order holding that, in addition to the grounds set forth in its March 31, 2005 Memorandum of Decision, Zimmer is entitled to summary judgment on Ms. Lopes' manufacturing defect, Connecticut Unfair Trade Practices Act and common law fraud claims because the statute of limitations bars those claims. In support of its Motion, Zimmer states:

1.      When this case was pending before Judge Squatrito, Zimmer filed a motion for summary judgment arguing that the statute of limitations barred all of Ms. Lopes' claims. Zimmer later filed a motion for summary judgment raising all grounds for entry of such an Order other than statute of limitations. Judge Squatrito entered an Order denying the statute of limitations motion "without prejudice to the arguments herein being considered in conjunction with Zimmer's Motion for Summary Judgment on JoAnn Lopes' claims, dated December 5,

**ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED**

2002." The Court on March 31, 2005 entered an Order granting in part Zimmer's later filed motion but without mentioning in any way or addressing Zimmer's previously raised statute of limitations arguments. The Court in the March 31 Order, therefore, did not do what it previously indicated it would, consider Zimmer's statute of limitations arguments with Zimmer's other arguments. Zimmer never has received a ruling on the merits of its statute of limitations arguments. This motion seeks that ruling.

2. The undisputed facts show that Zimmer is entitled to judgment as a matter of law because Plaintiff Joann Lopes' design defect and failure to warn claims are barred by the Connecticut Products Liability Act's three-year statute of limitations. Zimmer is entitled to summary judgment on those claims for the reasons set forth in the accompanying Memorandum of Law.

3. The undisputed facts further establish that Ms. Lopes' manufacturing defect, Connecticut Unfair Trade Practices Act and common law fraud claims also are barred by the statute of limitations. The Court should rule that, in addition to the grounds stated in its March 31, 2005 Memorandum of Decision, summary judgment in Zimmer's favor was properly entered on those claims because the claims are barred by the statute of limitations. Zimmer is entitled to summary judgment on these claims for the reasons set forth in the accompanying Memorandum of Law.

4. This Motion is based on the accompanying Memorandum of Law in Support of Renewed Motion for Summary Judgment Regarding Statute of Limitations, the annexed Local Rule 56(a)(1) Statement and attached evidence, the papers and pleadings on file in this action, and other material that may be brought to the Court's attention prior to its ruling.

-3-

WHEREFORE, Zimmer respectfully requests that the Court enter summary judgment in Zimmer's favor on Plaintiff's remaining design defect and failure to warn product liability claims and rule that, in addition to the grounds set forth in its March 31, 2005 Memorandum of Decision, summary judgment in Zimmer's favor on Ms. Lopes' manufacturing defect, Connecticut Unfair Trade Practices Act and common law fraud claims was properly entered because those claims are barred by the statute of limitations.

                                  Respectfully submitted,

                                  ZIMMER, INC.

Dated: May 20, 2005                    By:    /s/ Robert E. Koosa
                                                Albert J. Dahm (ct21710)
                                                Michael S. Elvin (ct21711)
                                                Dahm & Elvin, LLP
                                                9604 Coldwater Road - Suite 201
                                                Fort Wayne, IN 46825
                                                Telephone: (260) 497-6000

                                                Francis H. Morrison, III (ct04200)
                                                Robert E. Koosa (ct 26191)
                                                DAY BERRY & HOWARD, LLP
                                                CityPlace I
                                                Hartford, Connecticut 06103-3499
                                                Telephone: (860) 275-0100

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 20th day of May, 2005, a copy of the foregoing DEFENDANT ZIMMER, INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS was served on the following counsel of record by first-class mail, postage prepaid:

        Robert I. Reardon, Jr.
        THE REARDON LAW FIRM, P.C.
        160 Hempstead Street
        P.O. Drawer 1430
        New London, Connecticut  06320

        /s/ Robert E. Koosa
        Robert E. Koosa