UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | [Pertains only to |
| v. | : | 3:01CV518(JCH)] |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | MAY 20, 2005 |

**DEFENDANT ZIMMER, INC.'S LOCAL RULE 56(a)(1)**
**STATEMENT IN SUPPORT OF ITS RENEWED MOTION FOR**
**SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS**

Pursuant to Local Rule 56(a)(1) for the United States District Court for the District of Connecticut, defendant Zimmer, Inc. ("Zimmer") respectfully submits the following statement of material facts as to which there is no genuine issue.

1.  Plaintiff Joann Lopes ("Ms. Lopes") saw Dr. Bruce Moeckel for pain in her left hip. (Excerpts from October 24, 2001 Deposition of Joann Lopes, attached as Ex. A, at 23.) Ms. Lopes' pain and limited function in her left hip began to bother her enough that she and Dr. Moeckel decided "the time had come to have the left hip replaced." (*Id.* at 27-28; Excerpts from November 29, 2001 Deposition of Bruce H. Moeckel, M.D., attached as Ex. B, p. 49.)

2.  Dr. Moeckel performed total hip replacement surgery on Ms. Lopes' left hip in March of 1995. (Ex. A at 27-29; Ex. B at 61.) Dr. Moeckel implanted a Zimmer Centralign hip prosthesis (the "Device") in Ms. Lopes. (Ex. B at 56 and Exhibit 2.)

3.  Following her total left hip replacement, Ms. Lopes was able to resume all her normal daily activities and no longer had the pain in her left hip that she had experienced prior to the hip replacement. (Ex. A at 42-43.) However, in August or September of 1996, Ms. Lopes began having pain in her left hip and heard a "clicking sound" when she walked.

(*Id.* at 46.) Ms. Lopes went to see Dr. Moeckel to try to find out why she was having pain. (*Id.* at 46-47.)

   4. When Ms. Lopes saw Dr. Moeckel in January, 1997, Dr. Moeckel saw on Ms. Lopes' x-rays signs of the Device loosening. (Excerpts from April 11, 2002 Deposition of Bruce H. Moeckel, M.D., attached as Ex. C, at 23-24.) Dr. Moeckel told Ms. Lopes at that visit that the Device might be loose. (*Id.* at 25.) Dr. Moeckel ordered a bone scan for Ms. Lopes and was able to determine from the results of the bone scan that Ms. Lopes' Device was loose. (*Id.* at 25-26.) Dr. Moeckel shared these findings with Ms. Lopes. (*Id.* at 26).

   5. Ms. Lopes saw Dr. Moeckel again on February 7, 1997. (Ex. C at 27.) At that visit Dr. Moeckel reviewed with Ms. Lopes the conclusion by another doctor who had recently seen Ms. Lopes, that the Device had failed. (Ex. C at 27-28, 34.) Dr. Moeckel told Ms. Lopes during this February, 1997 visit that the Device had loosened sooner than Dr. Moeckel would have hoped. (*Id.* at 34.) Dr. Moeckel recommended revision surgery to Ms. Lopes and referred Ms. Lopes to Dr. John Grady-Benson for that purpose. (Ex. B at 39; Ex. C at 27-28.) Dr. Moeckel believes Ms. Lopes asked him at this February, 1997 visit why her Device had failed. (Ex. C at 28.)

   6. Ms. Lopes first saw Dr. Grady-Benson on February 11, 1997. (Excerpts from April 26, 2002 Deposition of John-Grady Benson, M.D., attached as Ex. D, at 286, 288.) By that time, Ms. Lopes was experiencing such pain in her left hip that she was on crutches and could no longer walk on her left leg, go to work or drive a car. (Ex. A at 49-51.) Ms. Lopes first learned that the clicking sound and her pain might be attributable to a problem with the Device when she saw Dr. Grady-Benson in February, 1997. (*Id.* at 48.) Dr. Grady-Benson told Ms. Lopes when he met with her that there was loosening of the Device and Dr. Grady-Benson

-3-

showed Ms. Lopes on an x-ray where the loosening was. (*Id.* at 49-50.) Dr. Grady-Benson said that he wanted to get Ms. Lopes scheduled for revision surgery as soon as possible. (*Id.* at 49-50.)

      7.     Prior to her revision surgery, Ms. Lopes had excruciating pain in her left hip such that she could no longer tolerate sitting at work. (Ex. A at 61.) She decided she had to leave work until somebody could tell her "why [she was] experiencing this amount of pain." (*Id.*) Ms. Lopes saw Dr. Grady-Benson in early 1997 because she wanted someone to tell her why she hurt so badly. (*Id.* at 69.) When Dr. Grady-Benson told Ms. Lopes in early 1997 that the Device was loose, Ms. Lopes felt she was starting to get an explanation for why she was having so much pain. (*Id.* at 69.) Ms. Lopes thought the Device would last ten to 15 years and did not expect to have a loose stem in early 1997. (*Id.*)

      8.     Dr. Grady-Benson performed revision surgery on Ms. Lopes on March 14, 1997. (Ex. D at 288.) Following her revision surgery in March 1997, Ms. Lopes continued to have pain in her left hip that interfered with her daily activities. (Ex. A at 57.)

      9.     Following her revision surgery in March of 1997, Ms. Lopes did not try to investigate what had caused the device to loosen "[o]ther than my understanding that it can happen. In my case, it did." (*Id.* at 77.) Ms. Lopes had not ever heard of Zimmer until the end of 2000. (*Id.* at 73-74.)

10. Ms. Lopes filed a complaint against Zimmer on March 28, 2001. Ms. Lopes alleges in her complaint, among other things, that Zimmer manufactured, sold, marketed and distributed the Device in a defective and unreasonably dangerous condition. (Compl. ¶¶ 13-14.)

Respectfully submitted,

ZIMMER, INC.

Dated: May 20, 2005  By: ___/s/ Robert E. Koosa___
Albert J. Dahm (ct21710)
Michael S. Elvin (ct21711)
Dahm & Elvin, LLP
9604 Coldwater Road - Suite 201
Fort Wayne, IN 46825
Telephone: (260) 497-6000

Francis H. Morrison III (ct 04200)
Robert E. Koosa (ct 26191)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut 06103-3499
Telephone: (860) 275-0100

Its Attorneys

-5-

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of May, 2005, a copy of the foregoing DEFENDANT ZIMMER, INC.'S LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT REGARDING STATUTE OF LIMITATIONS was served on the following counsel of record by first-class mail, postage prepaid:

>Robert I. Reardon, Jr.
>THE REARDON LAW FIRM, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

>/s/ Robert E. Koosa
>Robert E. Koosa