UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | [pertains to 3:00CV1306(JCH); |
| | : | 3:01CV516(JCH); |
| | : | 3:01CV517(JCH); |
| | : | 3:01CV518(JCH); |
| | : | 3:00CV2270(JCH)] |
| | : | |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | MAY 27, 2005 |

**PLAINTIFFS' MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42**

The plaintiffs in the above captioned matters, **DOLORES DUNN, DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED, JOANN LOPES and JAMES JOHANNSEN** have respectfully moved this Court, pursuant to 28 U.S.C. §1404(a), to transfer the above actions to the United States District for the District of Minnesota. In the event that this Court denies the motion to transfer, the plaintiffs respectfully move this Court to consolidate

-1-

their actions for trial pursuant to Fed. R. Civ. P. 42.  In support of this motion, the plaintiffs make the following representations.

1. In all of these actions, the plaintiffs allege that they have suffered injuries and losses due to their use of the Centralign Precoat, a hip prosthesis designed and manufactured by the defendant Zimmer, Inc. ("Zimmer").

2. The plaintiffs bring causes of action against Zimmer alleging defective design, failure to warn and loss of consortium.

3. The undersigned counsel represents the plaintiffs in each of the captioned cases.

4. The defendant Zimmer, Inc. is represented by the same counsel in all of these actions.

5. These actions should be consolidated for trial because:

    a. these cases are pending before the same judge;

    b. these cases are brought against a common defendant, Zimmer;

    c. these cases involve common issues of law;

    d. these cases involve common issues of fact;

    e. there is no risk of prejudice or confusion if the cases are consolidated;

    f. consolidation will not result in an unfair advantage for any party;

    g. consolidation will conserve judicial resources;

    h. consolidation will reduce the time for resolving the cases when compared to separate trials; and

    i. consolidation will reduce the expense of trying the cases separately.

6. For the reasons set forth in the accompanying memorandum and in the event that this Court does not transfer these actions to the United States District Court for the District of Minnesota, then this Court should consolidate the above captioned matters for trial pursuant to Fed. R. Civ. P. 42.

**WHEREFORE,** the plaintiffs in the above captioned actions respectfully

request that this Court consolidate these actions for trial pursuant to Fed. R. Civ. P. 42.

           THE PLAINTIFFS DOLORES DUNN, DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED, JOANN LOPES and JAMES JOHANNSEN

By_____
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT 06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

-4-

**CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on May 27, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

                                      Robert I. Reardon, Jr.
                                      **THE REARDON LAW FIRM, P.C.**
                                      160 Hempstead Street
                                      New London, CT 06320
                                      Phone: 860-442-0444
                                      Fax: 860-444-6445
                                      Email: reardonlaw@aol.com
                                      Federal Bar No. ct05358