UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | [pertains to 3:00CV1306(JCH); |
| | : | 3:01CV516(JCH); |
| | : | 3:01CV517(JCH); |
| | : | 3:01CV518(JCH); |
| | : | 3:00CV2270(JCH)] |
| V. | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | MAY 27, 2005 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42**

The plaintiffs in the above captioned matters, **DOLORES DUNN, DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED, JOANN LOPES and JAMES JOHANNSEN** have respectfully moved this Court, pursuant to 28 U.S.C. §1404(a), to transfer the above actions to the United States District for the District of Minnesota. In the event that this Court denies

-1-

the motion to transfer, the plaintiffs respectfully move this Court to consolidate their actions for trial pursuant to Fed. R. Civ. P. 42. In support of this motion, the plaintiffs provide the following memorandum of law.

## I.  STATEMENT OF FACTS AND PROCEEDINGS

In all of these actions, the plaintiffs allege that they have suffered injuries and losses due to their use of the Centralign Precoat, a hip prosthesis designed and manufactured by the defendant Zimmer, Inc. ("Zimmer"). The plaintiffs bring causes of action against Zimmer alleging defective design, failure to warn and loss of consortium. The undersigned counsel represents the plaintiffs in each of the captioned cases. The defendant Zimmer, Inc. is represented by the same counsel in all of these actions.

## II.  ARGUMENT

### A.  Standard of Review

Pursuant to Fed. R. Civ. P. 42(a), a district court may consolidate actions for trial. Fed. R. Civ. P. 42(a) provides that,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated;

> and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In considering a motion to consolidate, district courts consider a number of factors including whether:

- the cases are pending before the same judge;

- the cases are brought against a common defendant;

- the cases involve common issues of law;

- the cases involve common issues of fact;

- there is risk of prejudice or confusion if the cases are consolidated;

- consolidation will not result in an unfair advantage for any party;

- consolidation will conserve judicial resources;

- consolidation will reduce the time for resolving the cases when compared to separate trials;  and

- consolidation will reduce the expense of trying the cases separately.

For the reasons that follow, this Court's analysis of the aforementioned factors should result in an order granting the plaintiffs' motion to consolidate.

**B.    These Cases Are Pending Before Judge Hall**

-3-

Pursuant to Fed. R. Civ. P. 42(a), consolidation of cases for trial is appropriate when the proposed cases are pending before the same court. In the present matter, the plaintiffs' cases are not only pending before the same court but have all been assigned to Judge Hall. Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

**C.    These Cases Involve A Common Party**

By its terms, Fed. R. Civ. P. 42(a) does not expressly require that common parties be involved in a set of cases as a prerequisite to consolidation. Nevertheless, courts often consider whether there are common parties in addressing a consolidation motion. See <u>Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989). In the present matters, the defendant Zimmer, Inc. is the sole defendant in each of these cases. Accordingly, these cases satisfy this element of the consolidation analysis.

**D.    These Cases Involve Common Issues Of Law**

-4-

To date, the legal arguments and issues raised by the parties in these cases have been virtually identical. Prior to the transfer of these cases to Judge Hall, Judge Squatrito adjudicated the defendant Zimmer, Inc.'s motions for summary judgment as to each of these cases. In his rulings and orders, Judge Squatrito granted in part and denied in part the defendant's motions for summary judgment. As a result, these cases are now ready to proceed to trial for a determination of whether the Centralign was defectively designed and whether Zimmer failed to warn the plaintiffs about the dangers of this device. Additionally, there are loss of consortium claims that must be decided at trial in the Dunn and Vino cases.

The plaintiffs in these cases allege that they were injured as a result of their use of the Centralign hip prosthesis. Each plaintiff is proceeding to trial on the same legal theory (design defect and failure to warn). The issues of law surrounding these claims are identical. Further, the plaintiffs have retained the same liability expert witnesses for each of these cases as has the defendant. Accordingly, any legal rulings relating to the testimony of these experts at trial

should be identical.

This Court's rulings as to the admissibility of potential pieces of evidence provides a further common issue of law since each case proceeds on the same claim against Zimmer. In sum, the issues of law to be decided in these cases are common to all of the cases.

Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

### E.   These Cases Involve Common Issues Of Fact

In each of these cases, the plaintiffs allege that they suffered losses due to the implantation of Centralign hip devices designed and manufactured by the defendant Zimmer, Inc. Each plaintiff, after an initial implantation of the Centralign was obligated to undergo a revision surgery to extract the Centralign and to implant a replacement component. Although different doctors initially treated the plaintiffs, Dr. John Grady-Benson performed the revision surgeries for each plaintiff.

Each plaintiff underwent an initial hip replacement surgery in which the

Centralign device was implanted in 1995 or 1996. Each plaintiff thereafter underwent a revision surgery conducted by Dr. Grady-Benson between March 14, 1997 and June 21, 1999.

Of course, all issues of fact relating to the design of the Centralign and Zimmer's conduct in providing warnings related to its use present common issues of fact that will be identical for each case. In essence, with the exception of the particularized damages sustained by each plaintiff, the facts presented by these cases are not only common but, for all practical purposes, identical.

Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

### F.   Consolidation Presents No Risk Of Prejudice Or Confusion

There is no risk that that the consolidation of these matters for trial will prejudice any party or confuse the jury. See Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). In this case, there is no risk of prejudice to any party resulting from consolidation of these cases for trial. These cases have proceeded through pre-trial proceedings as consolidated matters. Due to the commonality of factual and legal issues, as set forth above, it is likely that the

parties would suffer greater prejudice due to the potential for inconsistent results, if the cases were not consolidated rather than if the cases were consolidated.

Moreover, there is little risk that the consolidation of these cases will cause confusion to the jury. The issues of law and fact are essentially identical with the exception of the damages claimed by each plaintiff. There is little chance that the jury would be confused over this difference.

Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

### G. Consolidation Will Conserve Judicial Resources

The consolidation of these cases for trial will undoubtedly conserve judicial resources. The determination of the common issues of law and fact presented by these cases in one proceeding rather in multiple proceedings will eliminate the waste of trying the same issues multiple times. There can be no dispute that judicial resources will be conserved through consolidation of these cases for trial.

### H. Consolidation Will Not Result In An Unfair Advantage

Neither the plaintiffs nor the defendant will unduly benefit over the other if these cases are consolidated for trial. In fact, both the plaintiffs and the

defendant will realize advantages in the form of efficiencies, cost savings and the elimination of the risk of inconsistent results.

Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

### I.     Consolidation Will Reduce The Time For Resolving These Cases When Compared To Separate Trials

There can be no serious dispute that the consolidation of these cases for trial will significantly reduce the time for resolving these cases when compared to separate trials. The plaintiffs estimate that the same amount of time will be expended in trying the liability portions of these cases on a consolidated basis as would be spent in trying the liability portions of a single case. That is, if tried separately, the plaintiffs anticipate that the liability portion of the trial will be set forth **five** times rather than only time if the cases are consolidated. The plaintiffs estimate that the same amount of time and effort will be expended for each of the five trials as would be expended if liability is tried as to all of these cases under an order of consolidation. Consolidation would significantly reduce the time necessary to try these cases.

Accordingly, these cases satisfy this element of the consolidation analysis set forth in Fed. R. Civ. P. 42 (a).

### J.  Consolidation Will Reduce The Expense Of Trying The Cases Separately

Similarly, consolidation will significantly reduce the expense of trying these cases for all parties.  Aside from many of the normal expenses associated with trial, the parties have retained multiple expert witnesses in these matters.  Importantly, each plaintiff has disclosed that he or she intends to use Dr. Rose and Dr. Zeliger.  Likewise, the defendant Zimmer has put the plaintiffs on notice that it intends to use the same set of experts for each case.  The costs associated with the production of the same expert witnesses to testify to the same conclusions multiple times is a waste of time and money for the court and all the parties.  This is particularly true where, as here, this waste can be avoided by consolidating these matters for trial so that these experts may render their opinions, common to each of the cases, on one occasion rather than on multiple occasions.

Accordingly, these cases satisfy this element of the consolidation analysis

set forth in Fed. R. Civ. P. 42 (a).

## III.  CONCLUSION

For the foregoing reasons and in the event that this Court does not transfer these matters to the United States District Court for the District of Minnesota, the plaintiffs in the above captioned actions respectfully request that this Court consolidate these actions for trial pursuant to Fed. R. Civ. P. 42.

THE PLAINTIFFS DOLORES DUNN,
DONALD DUNN, JOHN VINO,
CYNTHIA VINO, SONIA FUENTES-
WEED, JOANN LOPES and JAMES
JOHANNSEN

By_____
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT  06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on May 27, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP

-11-

CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

                                                _____
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT 06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

-12-