UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | [pertains to 3:00CV1306(JCH); |
| | : | 3:01CV516(JCH); |
| | : | 3:01CV517(JCH); |
| | : | 3:01CV518(JCH); |
| | : | 3:00CV2270(JCH)] |
| | : | |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | MAY 24, 2005 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
TRANSFER PURSUANT TO 28 U.S.C. §1404(a)**

The plaintiffs in the above captioned matters, **DOLORES DUNN,**

**DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED,**

**JOANN LOPES and JAMES JOHANNSEN** hereby respectfully provide the

following memorandum of law in support of their motion, pursuant to 28 U.S.C.

§1404(a), to transfer the above actions to the United States District for the

District of Minnesota.  For the reasons that follow, this motion to transfer should be granted.

## I.    FACTS AND PROCEEDINGS

In all of the above captioned actions, the plaintiffs allege that they have suffered injuries and losses due to their use of the Centralign Precoat, a hip prosthesis designed and manufactured by the defendant Zimmer, Inc. ("Zimmer").  The plaintiffs bring causes of action against Zimmer alleging defective design, failure to warn and loss of consortium.  In addition to the above captioned matters, the following matters, also alleging injury and loss due to the use of the Zimmer Centralign are currently pending in the United States District Court for the District of Minnesota before Judge Tunheim:

| | |
|---|---|
| George Johnson v. Zimmer, Inc. | 02-CV-1328 JRT/FLN |
| John W. Doschadis v. Zimmer, Inc. | 03-CV-6439 JRT/FLN |
| Lillebo v. Zimmer, Inc. | 03-CV-2919 JRT/FLN |
| Reiling v. Zimmer, Inc., | 03-CV-2920 JRT/FLN |
| Kathryn E. LeClerc v. Zimmer, Inc. | 04-CV-1660 JRT/FLN |
| William Freeman v. Zimmer, Inc. | 04-CV-3349 JRT/FLN |

Henry Gerig, Jr. v. Zimmer, Inc.                    04-CV-3348 JRT/FLN

Mildred Green v. Zimmer, Inc.                       04-CV-3350 JRT/FLN

Elsie Grimm v. Zimmer, Inc.                         04-CV-3184 JRT/FLN

Thomas Guss v. Zimmer, Inc.                         04-CV-3185 JRT/FLN

Carmen Klingbeil v. Zimmer, Inc.                    04-CV-2780 JRT/FLN

Thomas Krick v. Zimmer, Inc.                        04-CV-3347 JRT/FLN

Kenneth Kraft v. Zimmer, Inc.                       04-CV-3186 JRT/FLN

Mary Orlowski v. Zimmer, Inc.                       03-CV-6076 JRT/FLN

Carol Rotunda v. Zimmer, Inc.                       04-CV-3346 JRT/FLN

Brent Symonds v. Zimmer, Inc.                       04-CV-985 JRT/FLN

Marjorie Witt v. Zimmer, Inc.                       04-CV-3351 JRT/FLN

    The undersigned counsel represents the plaintiffs in Johnson v. Zimmer,
Inc., 02-CV-1328 JRT/FLN in the United States District Court for the District of
Minnesota.  For the reasons that follow, this Court should grant this motion and
should order that the above captioned matters be transferred to the United States
District Court for the District of Minnesota.

## II.     ARGUMENT

### A.     Standard Of Review

In deciding a motion to transfer under 28 U.S.C. §1404(a) a district court should consider the convenience of the parties and witnesses and the interests of justice.  The purpose of §1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the general public against unnecessary inconvenience and expense.  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964).  Motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case by case basis.  <u>United States Surgical Corp. v. Imagyn Medical Technologies, Inc.</u>, 25 F. Supp.2d 40, 46 (D. Conn. 1998).  Pursuant to §1404, a transfer of venue may be made upon motion by either of the parties or by the court <u>sua</u> <u>sponte</u>.  <u>Id.</u> at 46. Generally, to determine whether transfer of venue is appropriate, the court should consider (1) the convenience of witnesses;  (2) the location of relevant documents and the relative ease of access to sources of proof;  (3) the convenience of the parties;  (4) the locus of operative facts;  (5) the availability of process to compel attendance of unwilling witnesses;  (6) the relative means of

– 4 –

the parties;  (7) a forum's familiarity with the governing law;  (8) the weight

accorded to the plaintiff's choice of forum;  and (9) trial efficiency and the

interests of justice, based on the totality of the circumstances.  Id. at 46.


      **B.**      **This Court Should Transfer The Plaintiffs' Cases To The United**
                     **States District Court For The District Of Minnesota**


      **1.**      **The United States District Court For The District Of Minnesota**
                     **Is A More Convenient Forum For The Witnesses**


Almost all of the witnesses to this litigation reside outside of Connecticut

and outside of Minnesota.  The plaintiffs have all consented to the transfer of

their cases to Minnesota and seek the entry of an order transferring these cases

to Minnesota.

Further, the plaintiffs and the defendant Zimmer have provided noticed

that they intend to call multiple expert witnesses at trial.  None of the expert

witnesses that have been disclosed in this case reside in either Connecticut or

Minnesota.  The plaintiffs' treating physicians reside in Connecticut, but their

testimony can be presented via videotape in Minnesota so that there would be no

prejudice to either them or the parties to these cases.  Further, the defendant

Zimmer is a Delaware corporation with its headquarters in Warsaw, Indiana.

None of the witnesses that are affiliated with Zimmer reside in either Connecticut

or Minnesota.

      Zimmer is presently defending numerous actions concerning the

Centralign in the United States District Court for the District of Minnesota.  In both

the Minnesota and the Connecticut cases, the defendant Zimmer has identified

the same expert witnesses.  The expert witnesses disclosed by the plaintiffs in

the Connecticut cases are the same expert witnesses that have been disclosed

in Johnson v. Zimmer in Minnesota.  Upon information and belief, the plaintiffs'

experts, Dr. Rose and Dr. Zeliger, have also been disclosed in other Centralign

cases currently pending in the United States District Court for the District of

Minnesota.  It is more convenient for these witnesses to be required to travel to

only one district for their testimony rather than multiple districts.

      Given the fact that the vast majority of the witnesses to this litigation

reside in neither Connecticut nor Minnesota and given the fact that expert

witnesses are currently required to appear for trial in Minnesota, the United

States District Court for the District of Minnesota is a more convenient forum for these cases and this court should transfer these cases to Minnesota.

### 2. Most Of The Relevant Documents And Sources Of Proof In This Case Are Outside Of Connecticut

The defendant Zimmer is a Delaware corporation with its headquarters in Warsaw, Indiana. The documents that are necessary to demonstrate Zimmer's design protocols and other corporate documents related to these claims reside outside of Connecticut. These documents, under the control of the defendant Zimmer, are equally accessible to courts in Minnesota or Connecticut. Further, the devices at issue may be transported to a court in Minnesota as easily as they may be transported to a court in Connecticut. Given these facts, the location of the documents and proof relevant to this litigation should be considered a neutral factor by this court.

### 3. The United States District Court For The District Of Minnesota Is A More Convenient Forum For The Parties

As an initial matter, the defendant Zimmer may assert no compelling reason as to why the transfer of these cases to the United States District Court

for the District of Minnesota would cause inconvenience to Zimmer.  This is because Zimmer is presently defending numerous actions concerning the Centralign in the United States District Court for the District of Minnesota.  The defendant Zimmer operates from its headquarters in Indiana and would not suffer any inconvenience in litigating these claims in Minnesota as opposed to Connecticut.

As to the plaintiffs, each plaintiff has consented to the transfer of these actions to the United States District Court for the District of Minnesota and seeks the entry of this Court's order to effectuate that transfer.  The plaintiffs are willing to travel to Minnesota for trial, the devices at issue may be transported to a court in Minnesota as easily as they may be transported to a court in Connecticut and all of the expert witnesses (for the plaintiffs as well as the defendants) will be compelled to travel to a different state for trial regardless of whether that state is Connecticut or Minnesota.

In view of the lack of prejudice to the defendant and in view of the plaintiffs' desire to transfer their actions to Minnesota, this court should determine that the transfer of these actions to Minnesota would better serve the

convenience of the parties.

### 4.    The Locus Of Operative Facts Is Outside Of Connecticut

The design of the subject hip prosthesis took place outside of Connecticut and outside of Minnesota.  The primary issue at trial will be whether the Centralign was defectively designed.  Since the design of this device did not take place in either Connecticut or Minnesota, the locus of operative facts should be considered as a neutral factor by the court in making its determination.

### 5.    The Availability Of Compulsory Process Should Be Considered A Neutral Factor

In these matters, the plaintiffs have consented to trial in Minnesota and willingly submit themselves to the jurisdiction of the Courts of Minnesota.  The defendant Zimmer is a Delaware corporation with headquarters in Warsaw, Indiana.  Zimmer does business in both Minnesota and Connecticut and its agents and employees would be equally amenable to the service of process by the courts of Minnesota and the courts of Connecticut.  Accordingly, this court

should consider the availability of compulsory process to be a neutral factor in this analysis.

### 6.     The Relative Means Of The Parties Should Be Considered A Neutral Factor

The defendant Zimmer is a corporation that is currently defending claims brought against it relating to the Centralign in Minnesota and Connecticut. Zimmer has demonstrated throughout this litigation that it has the means to defend itself in both of these jurisdictions.  Although the plaintiffs have considerably fewer resources at their disposal, the plaintiffs have consented to the transfer of these matters to the United States District Court for the District of Minnesota.  Accordingly, this court should consider the relative means of the parties to be a neutral factor in this analysis.

### 7.     The United States District Court For The District Of Minnesota Is Familiar With The Subject Matter Of This Litigation

The United States District Court for the District of Minnesota currently maintains jurisdiction over a number of actions that are identical to the actions brought by these plaintiffs.  Judge Tunheim and Magistrate Judge Noel have been assigned to all of the Zimmer Centralign cases in Minnesota and have held numerous hearings and considered numerous motions regarding these cases. Judge Tunheim and Judge Noel are very familiar with these cases as a result of the several years that they have spent with these cases.  Judge Noel has indicated a willingness to oversee global conferences concerning the Connecticut cases with or without a formal transfer of those cases to Minnesota upon the consent of the parties.

Judge Tunheim and Judge Noel have entertained oral argument and reviewed multiple briefs relating to the claims of the parties and, as a result, are extraordinarily familiar with the subject matter of this litigation.  This Court should find that the familiarity of Judge Tunheim and Judge Noel with the subject matter of this litigation is a factor that weighs heavily in favor of transfer to the United States District Court of Minnesota.

8.    **The Plaintiffs Desire Transfer Of This Matter To The United States District Court For The District Of Minnesota**

As set forth above and throughout this memorandum, the plaintiffs seek transfer of this matter to the United States District Court for the District of Minnesota.  In view of the plaintiffs' right to choose the forum in which their cases will be tried, coupled with their decision to seek transfer to the United States District Court for the District of Minnesota, this Court should transfer these matters to Minnesota.

9.    **Trial Efficiency And The Interests Of Justice Are Best Served By Transfer To The United States District Court For The District Of Minnesota**

Transfer of these actions to the United States District Court for the District of Minnesota will best serve the interests of justice by conserving judicial resources, decreasing trial costs and reducing the risk of inconsistent adjudications.  Transfer to the United States District Court for the District of Minnesota will eliminate the duplication of effort by the federal judiciary and allow

-12-

all parties to litigate these matters in a fair and cost-effective manner, without duplicative efforts in different courts with parallel and overlapping efforts.

## III.    CONCLUSION

For the foregoing reasons, this Court should grant the plaintiffs' motion to transfer the above captioned matters to the United States District Court for the District of Minnesota.

THE PLAINTIFFS DOLORES DUNN,
DONALD DUNN, JOHN VINO,
CYNTHIA VINO, SONIA FUENTES-
WEED, JOANN LOPES and JAMES
JOHANNSEN

By/s/ Robert I. Reardon, Jr.
  Robert I. Reardon, Jr.
  **THE REARDON LAW FIRM,  P.C.**
  160 Hempstead Street
  New London, CT  06320
  Phone: 860-442-0444
  Fax: 860-444-6445
  Email: reardonlaw@aol.com
  Federal Bar No. ct05358

–13–

-14-

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on

May 24, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

/s/ Robert I. Reardon, Jr.
 Robert I. Reardon, Jr.
**THE REARDON LAW FIRM,  P.C.**
160 Hempstead Street
New London, CT  06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

-15-