UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
|     Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | pertains only to 3:01CV518(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
|     Defendant. | : | JUNE 8, 2005 |

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Local Rule 56(a)(2) for the United States District Court for the District of Connecticut, the plaintiff, through counsel, respectfully submits the following statement in response to the defendant Zimmer, Inc.'s Local Rule 56(a)(1) Statement in Support of its so-called "Renewed" Motion for Summary Judgment Regarding Statute of Limitations.

I.   **Admission Or Denial Of Facts Asserted By The Defendant In Its Local Rule 56(a)(1) Statement**:

1.  The plaintiff admits the facts alleged in paragraph 1 of the defendant's Local Rule 56(a)(1) Statement.

2.  The plaintiff admits, in part, the facts alleged in paragraph 2 of the defendant's Local Rule 56(a)(1) Statement, but denies that she knew or was informed at that point that she had a Zimmer Centralign hip prosthesis.  (See October 24, 2001 deposition of Joann Lopes attached as Exhibit A, ("Exhibit A, Lopes Deposition") at p. 52.)

3.  The plaintiff admits the facts alleged in paragraph 3 of the defendant's Local Rule 56(a)(1) Statement.

4.  The plaintiff admits that she saw Dr. Moeckel in January, 1997.  The plaintiff admits that Dr. Moeckel saw on Ms. Lopes's x-rays in January, 1997 **some** of those signs of loosening.  (See April 11, 2002 deposition of Bruce H. Moeckel, M.D. attached as Exhibit B, ("Exhibit B, Moeckel Deposition") at p. 24.) The plaintiff denies that Dr. Moeckel told her in January 1997 that the Device might be loose.  (See Exhibit A, Lopes Deposition at p. 47.)  The plaintiff admits that Dr. Moeckel ordered a bone scan for Ms. Lopes but denies that Dr. Moeckel

2

**determined** from the results of the bone scan that Ms. Lopes's device was loose.  Rather, Dr. Moeckel testified that the findings of both the bone scan and the aspiration arthrogram were consistent with loosening of the femoral component.  (See Exhibit B, Dr. Moeckel Deposition at p. 26.)  The plaintiff denies that Dr. Moeckel talked to her about any possible problems with the device.  (See Exhibit A, Lopes Deposition at p. 47.)

 5.  The plaintiff admits in part the facts alleged in paragraph 5 of the defendant's Local Rule 56(a)(1) Statement.  The plaintiff denies that Dr. Moeckel ever talked to her about a problem with the device.  (See Exhibit A, Lopes Deposition at p. 47.)  The plaintiff denies that Dr. Moeckel recommended revision surgery and referred her to Dr. Grady-Benson.  (See Exhibit A, Lopes Deposition at p. 48.)  The plaintiff denies that Ms. Lopes asked Dr. Moeckel in February 1997 why her device had failed.  Rather, Dr. Moeckel testified that, "I don't have it documented, but they universally always ask why and I'm sure she did."  (See Exhibit B, Dr. Moeckel Deposition at p. 28.)

 6.  The plaintiff admits in part the facts alleged in paragraph 6 of the defendant's Local Rule 56(a)(1) Statement but avers that Dr. Grady-Benson

never told her she had a Zimmer implant (see Exhibit A, Lopes Deposition at p. 52) and further avers that the first time she began to think her problem was attributable to a Zimmer implant was after Dolores and Donald Dunn called her sometime in late 2000.  (See Exhibit A, Lopes Deposition at pp 73-74.)

    7. The plaintiff admits in part the facts alleged in paragraph 7 of the defendant's Local Rule 56(a)(1) Statement, but denies that she knew or was informed at that point that she had a Zimmer Centralign hip prosthesis.  (See Exhibit A, Lopes Deposition at p. 52.)  The plaintiff further avers that the first time she began to think her problem was attributable to a Zimmer implant was after Dolores and Donald Dunn called her sometime in late 2000.  (See Exhibit A, Lopes Deposition at pp. 73-74.)

    8. The plaintiff admits the facts alleged in paragraph 8 of the defendant's Local Rule 56(a)(1) Statement.

    9. The plaintiff admits, in part, the facts alleged in paragraph 9 of the defendant's Local Rule 56(a)(1) Statement.  The statement that Ms. Lopes did not try to investigate what had caused the device to loosen is not a statement made by Ms. Lopes nor is it a statement that she assented to in her deposition.

(See Exhibit A, Lopes Deposition at p. 77.)  The remainder of paragraph 9 is admitted.

     10.  The plaintiff admits the facts alleged in paragraph 10 of the defendant's Local Rule 9(c) Statement.

**II.  Disputed Issues of Material Facts**

1.  Whether the plaintiff knew or in the exercise of reasonable care should have known, prior to 2000, that the defendant Zimmer designed and manufactured the Centralign hip prosthesis that was implanted in her in 1995.

2.  Whether the plaintiff knew or in the exercise of reasonable care should have known, prior to 2000, that the Zimmer Centralign device, itself, had caused loosening to occur.

3.  Whether the plaintiff knew or in the exercise of reasonable care should have known, prior to 2000, that the Zimmer Centralign device was defective.

4. Whether the defendant Zimmer, Inc. engaged in a continuing course of conduct to conceal the defective nature of the Centralign device from the public, including the plaintiff.

5. Whether the defendant Zimmer, Inc.'s repeated and continuing attempts to conceal the dangerous and defective propensities of the Centralign, starting in 1996, constitute continuing fraud which serves to toll the statute of limitations.

THE PLAINTIFF JOANN LOPES

By_____
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT 06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on June 8, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

                                                           Robert I. Reardon, Jr.
                                                           **THE REARDON LAW FIRM, P.C.**
                                                           160 Hempstead Street
                                                           New London, CT 06320
                                                           Phone: 860-442-0444
                                                           Fax: 860-444-6445
                                                           Email: reardonlaw@aol.com
                                                           Federal Bar No. ct05358