UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | pertains only to 3:01CV518(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | JUNE 9, 2005 |

## **PLAINTIFF'S FED. R. CIV. P. 12(f) MOTION TO STRIKE**

The plaintiff in the above captioned matter, **JOANN LOPES**, hereby respectfully moves this Court, pursuant to Fed R. Civ. P. 12(f) to strike the defendant Zimmer, Inc.'s ("Zimmer") May 20, 2005 so-called "Renewed" Motion for Summary Judgment Regarding Statute of Limitations.

The plaintiff alleges that she sustained injuries and losses due to the defective nature of the Centralign hip component that was implanted in her on March 21, 1995. The plaintiff alleges that Zimmer defectively designed this product and failed to warn consumers, including the plaintiff, of its dangers. In a

-1-

Memorandum of Decision dated March 31, 2005, this Court, Squatrito, J. granted in part and denied in part Zimmer's motion for summary judgment in this matter. In the aftermath of this ruling, this matter is now ready to proceed to trial on the plaintiff's claims of defective design and failure to warn.

In its "Renewed" Motion for Summary Judgment, Zimmer alleges that Judge Squatrito forgot to address Zimmer's claims that the plaintiff's cause of action should be barred by the statute of limitations. The plaintiff moves to strike this motion for the following two reasons.

(a)   Rather than file a so-called "Renewed" Motion for Summary Judgment two months after this Court's order denying the motion for summary judgment, Zimmer was compelled under Local Rule 7(c) to move for reconsideration of Judge Squatrito's decision within 10 days of that order. Zimmer's failure to so move precludes any further relief as to its motions for summary judgment.

(b)   The Court's scheduling order regarding the filing of motions for summary judgment has expired. Accordingly, the defendant is precluded from filing further motions for summary judgment.

-2-

In the alternative, if this Court decides to relax the aforementioned rules and orders for the benefit of Zimmer, then this Court should likewise relax the rules and orders as applied to the plaintiff and should allow the plaintiff's previously excluded liability expert, Dr. Lisa Pruitt, to testify at trial. As set forth in the accompanying memorandum of law, Dr. Pruitt was excluded solely because of the Court's finding that she was disclosed as an expert witness after the expiration of the deadline for disclosure of expert witnesses as set forth in the Court's scheduling order.

**WHEREFORE,** the plaintiff in the above captioned action respectfully requests that this Court strike the defendant Zimmer, Inc.'s May 20, 2005 so-called "Renewed" Motion for Summary Judgment.

        THE PLAINTIFF JOANN LOPES

By   /s/ Robert T. Rimmer_____
    Robert T. Rimmer
    **THE REARDON LAW FIRM, P.C.**
    160 Hempstead Street
    New London, CT 06320
    Phone: 860-442-0444
    Fax: 860-444-6445
    Email: reardonlaw@aol.com
    Federal Bar No. ct17238

**CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on June 9, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

      /s/ Robert T. Rimmer
Robert T. Rimmer
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT 06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct17238