UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | pertains only to3:01CV518(JCH) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | JUNE 9, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 12(f) MOTION TO STRIKE

The plaintiff in the above captioned matter, **JOANN LOPES**, hereby respectfully provides the following memorandum of law in support of her motion, pursuant to Fed R. Civ. P. 12(f), to strike the defendant Zimmer, Inc.'s ("Zimmer") May 20, 2005 so-called "Renewed" Motion for Summary Judgment Regarding Statute of Limitations.  For the reasons that follow, this motion should be granted.

I.      FACTS AND PROCEEDINGS

–1–

The plaintiff alleges that she sustained injuries and losses due to the defective nature of the Centralign hip component that was implanted in her on March 21, 1995.  The plaintiff alleges that Zimmer defectively designed this product and failed to warn consumers, including the plaintiff, of its dangers.  In a Memorandum of Decision dated March 31, 2005, this Court, Squatrito, J., granted in part and denied in part Zimmer's motion for summary judgment in this matter.  In the aftermath of this ruling, this matter is now ready to proceed to trial on the plaintiff's claims of defective design and failure to warn.

In its "Renewed" Motion for Summary Judgment, Zimmer alleges that Judge Squatrito forgot to address Zimmer's claims that the plaintiff's cause of action should be barred by the statute of limitations.

## II.    ARGUMENT

### A.    Standard Of Review

Fed. R. Civ. P. 12(f) provides that

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient

defense or any redundant, immaterial, impertinent or
scandalous matter.

**B.    Zimmer May Not, Under Our Rules, File A So-Called
"Renewed" Motion For Summary Judgment In The Aftermath
Of This Court's Denial Of The Motion For Summary Judgment**

Judge Squatrito issued a 20 page Memorandum of Decision dated March

31, 2005 granting in part and denying in part Zimmer's Motion for Summary

Judgment in this matter.  In a pleading dated May 20, 2005, Zimmer filed a so-

called "Renewed" Motion for Summary Judgment in this matter in which Zimmer

alleges that

> The Court on March 31, 2005 entered an Order
> granting in part Zimmer's later filed motion but without
> mentioning in any way or addressing Zimmer's
> previously raised statute of limitations arguments.
> The Court in the March 31, 2005 Order, therefore, did
> not do what it previously indicated it would, consider
> Zimmer's statute of limitations arguments with
> Zimmer's other arguments.  Zimmer never has
> received a ruling on the merits of its statute of
> limitations arguments.  This motion seeks that ruling.

See Zimmer, Inc.'s Renewed Motion For Summary Judgment Regarding

– 3 –

Statute Of Limitations at page 2.  Given the stated purpose of Zimmer's motion,

Zimmer should have filed a motion for reconsideration under D. Conn. L. Civ. R.

7(c).  Zimmer's failure to move for reconsideration under the Local Rules

precludes any relief that Zimmer may seek in its so-called "Renewed" Motion for

Summary Judgment.

> D. Conn. L. Civ. R. 7(c) provides

>> Motions for reconsideration shall be filed and served
>> within ten (10) days of the filing of the decision or
>> order from which such relief is sought, and shall be
>> accompanied by a memorandum setting forth
>> concisely the matters or controlling decisions which
>> counsel believes the Court overlooked in the initial
>> decision or order.

In its so-called "Renewed" Motion for Summary Judgment, Zimmer seeks

to bring to this Court's attention a matter that Zimmer believes the Court

overlooked in the initial decision or order.  This is precisely the type of request

that should be submitted in a motion for reconsideration within ten days of the

original order rather than in a self styled "renewed" motion filed at defense

counsel's leisure.

The deadline to file a motion for reconsideration has passed and Zimmer

– 4 –

is now precluded under the local rules from the relief it seeks.  This Court should

not substantively address Zimmer's so-called "Renewed" Motion for Summary

Judgment and should grant this Motion to Strike.


   **C.     The Scheduling Order Deadline For Filing Dispositive Motions
          Has Expired**

       In addition to the foregoing analysis, this Court should strike Zimmer's so-

called "Renewed" Motion for Summary Judgment because the scheduling order

deadline for filing dispositive motions has expired.  Accordingly, Zimmer is

precluded from filing a dispositive motion on this late date and on the eve of trial.

Zimmer's tactic to skirt our Local Rules and this Court's prior orders should not

be allowed.

       Since these matters have recently been transferred to Judge Hall, the

plaintiff provides the following additional background information regarding

Zimmer's adherence to scheduling orders.

       The plaintiff disclosed a supplemental expert witness, Dr. Lisa Pruitt, on or

about March 14, 2003.  That disclosure was made over 2 years ago and before

any trial date was set in this matter.  To date, there is still no trial date for this

matter.  Nevertheless, Zimmer moved to preclude Dr. Pruitt on the technical

ground of non-compliance with this Court's scheduling order.  Zimmer

represented to this Court that the plaintiff's alleged late disclosure of a

supplemental expert was a "sham".  See Zimmer's April 30, 2003 Memorandum

in Support of its Motion to Exclude Plaintiff's Belatedly Disclosed Expert Witness

at page 1.  This Court granted Zimmer's motion and Dr. Pruitt was excluded over

two years ago.

Zimmer now seeks indulgences with the rules that it would not entertain

when the shoe was on the other foot.  In order to ensure equal treatment under

the rules and under the orders of this Court, this Court should apply the rules and

orders with equal application to Zimmer.  This Court should not allow Zimmer to

circumvent the Local Rules and the long-expired scheduling orders of this Court

by filing a so-called "Renewed" Motion for Summary Judgment.  Zimmer should

be compelled to play by the rules by filing a Motion for Reconsideration under the

Local Rules or by filing all of its dispositive motions within the time frame ordered

by this Court.  Accordingly, this Court should grant this Motion to Strike and

should not entertain Zimmer's so-called "Renewed" Motion for Summary

Judgment Regarding Statute of Limitations.  In the alternative, if this Court

decides to relax the aforementioned rules and orders for the benefit of Zimmer,

then this Court should likewise relax the rules and orders as applied to the

plaintiff and should allow the plaintiff's previously excluded liability expert, Dr.

Lisa Pruitt, to testify at trial.

**III.     CONCLUSION**

For the foregoing reasons, this Court should grant the plaintiff's Motion to Strike and should not consider the defendant Zimmer, Inc.'s so called "Renewed" Motion for Summary Judgment Regarding Statute of Limitations.  In the alternative, if this Court denies the plaintiff's Motion to Strike, then this Court, to ensure fairness and the equal application of the Court's rules and orders, should allow the plaintiff's previously excluded liability expert, Dr. Lisa Pruitt, to testify at trial.


THE PLAINTIFF JOANN LOPES


By___/s/ Robert T. Rimmer_____
      Robert T. Rimmer
      **THE REARDON LAW FIRM,  P.C.**
      160 Hempstead Street
      New London, CT  06320
      Phone: 860-442-0444
      Fax: 860-444-6445
      Email: reardonlaw@aol.com
      Federal Bar No. ct17238

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on June 9, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 204
Fort Wayne, IN 46825

    /s/ Robert T. Rimmer
Robert T. Rimmer
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT  06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct17238