BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION


GEORGE DAVID JOHNSON, et al,       :       MDL Docket No.____
           Plaintiffs,       :
                        :       "Zimmer Centralign Hip Litigation"
V.       :
                        :
                        :
ZIMMER, INC.       :
           Defendant.       :       AUGUST 14, 2002


## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

      The undersigned hereby submits this memorandum of law on behalf of George

David Johnson, plaintiff in the matter of <u>Johnson v. Zimmer, Inc.</u>, No. 02-1328 JRT/FLN,

now pending in the United States District Court for the District of Minnesota, in support

of his Motion for Transfer to the District of Connecticut, Hartford Division.

### I. Background of the Litigation.

      The matter of <u>Johnson v. Zimmer, Inc.</u> was commenced in the Minnesota District


THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Court, Fifth Judicial District, by summons and complaint dated May 24, 2002 and

subsequently removed to the United States District Court for the District of Minnesota on

June 21, 2002. The plaintiff alleged claims for negligence, strict product liability, and

breach of express and implied warranties against defendant Zimmer, Inc. arising out of the

early loosening and failure of his Centralign hip prosthesis, an implant designed,

manufactured and sold by the defendant Zimmer, Inc. In addition to the law firm of

Sieben Polk LaVerdiere Jones & Hawn of Hastings, MN, the plaintiff George Johnson is

represented by the Reardon Law Firm, P.C. of New London, CT, which represents

plaintiffs in six consolidated actions in the United States District Court for the District of

Connecticut: Dolores Dunn, et al v. Zimmer, Inc., Civil No. 3:00CV1306 (DJS); John

Vino et al v. Zimmer, Inc., 3:01CV516 (DJS); Joann Lopes v. Zimmer, Inc., 3:01CV518

(DJS) Sonia Fuentes-Weed v. Zimmer, Inc., 3:01CV517 (DJS); James Johannsen v.

Zimmer, Inc., 3:00 CV2270(DJS); and Stacia Bogdan v. Zimmer, Inc., 3:02CV637(DJS).

Each of these cases arise out of the claims of persons who experienced similar early

2

catastrophic failures of the femoral component of their Centralign hip prostheses after undergoing total hip arthroplasty (THA).[1]  The District of Connecticut (Squatrito, J.) denied the plaintiffs' motion for class certification but has consolidated these cases for discovery and settlement purposes.

## II.  Factual and Legal Contentions of the Movant.

The Zimmer Centralign hip prosthesis was marketed and sold from 1992 to 1998, after which time it was removed from the market.  The Centralign was promoted by Zimmer as an improvement in cemented hip technology, and featured a unique stem design and greater offset; a rough, grit-blasted finish; a factory-applied precoating of polymethyl methacrylate (PMMA) at the proximal one third and distal tip, which was intended to achieve a stronger bond between the femoral stem and the bone cement; and tear-drop-

---

[1] Each asserts claims for relief under the Connecticut Product Liability Act ("CPLA"), Conn. Gen. Stat. § 52-572m et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. 42-110a et seq., and for common law fraud.

3

shaped centralizers, or spacers, to help position the stem in the femoral canal to allow for

a better cement mantle.[2]  The Centralign Option stem was a non-precoated stem which

was otherwise identical to the Centralign Precoat stem.

The Centralign clearly failed to perform as designed and marketed.  Dr. Richard

Santore and Dr. Richard Coutts of San Diego, leading orthopedists in the field of hip

implant surgery, reported in a peer-reviewed medical journal that the Centralign had an

"unacceptably high" 11.4% failure rate at an average of 30.6 months postoperatively, after

carefully studying the results in patients in his own practice.[3]  According to the

biomechanical engineering expert retained by the Connecticut plaintiffs, Dr. Robert Rose

_____

[2] Zimmer's product brochure represented that the Centralign's combination of "precoating and texturing" would "nearly triple the fatigue strength of the cement/metal interface," resulting in better clinical outcomes, although there have been no studies in vivo (i.e., in human patients) that have shown the advantages of the rough-finished PMMA-precoated prosthesis.

[3] G.M. Sylvain, MD, et al, "Early Failure of a Roughened Surface, Precoated Femoral Component in Total Hip Arthroplasty," The Journal of Arthroplasty, Vol. 16 No.2 (2001) at 141. Dr. Santore testified at his deposition that he considers an "acceptable" failure rate during this period to be "one percent or less."

4

of Massachusetts Institute of Technology in Cambridge, Massachusetts, a 12% failure rate in less than three years is unacceptable by any standard. Dr. Rose has provided an opinion that a design defect is responsible for the early loosening and failure of the Centralign, namely its geometry (i.e., size and shape), which leads to high interface stress. According to Dr. Rose, a larger and longer femoral stem with a larger and more angular cross-section would be much less likely to loosen because the bone and cement would be subjected to lower stresses. Loosening of the stem causes fragmentation of the cement, which in turn results in osteolysis (the effect of particulate matter destroying bone). An alternative design would produce less stress and would be less likely to fail. In short, the plaintiff's assert that the stem was undersized for the patients for whom it was rated. In fact, the Centralign's predecessor and successor prostheses manufactured by Zimmer both are larger than the Centralign. Zimmer chose to downsize the Centralign stem to allow for a larger cement mantle.[4]

---

[4] In addition to a design defect, Dr. Rose and the plaintiffs' expert in chemistry, Dr. Harold Zeliger, have identified defects in the manufacturing process, namely surface

5

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

The Johnson case should be transferred and consolidated with the Connecticut

cases because each raises similar questions as to the design of the Centralign and each

involves an early failure of the Centralign implant in three years or less.[5]  28 U.S.C.

---

contamination caused by material is trapped in the crevices of the Centralign's roughened surface. When the bone cement's monomer catalyst initiator solution penetrates the precoat layer, any surface contamination will weaken the bonding at the cement-metal interface, which contributes to loosening. Also, the radiation sterilization process also damages the PMMA at the metal interface. These factors lead to failure of the precoating, and the femoral stem is more susceptible to early mechanical loosening if the metal-precoat bond is weakened.

[5] George Johnson (age 63, DOB 10/13/38) underwent left THA on 3/6/97. His Centralign Precoat began loosening in June 2000 and was revised on 2/28/01.
Stacia Bogdan (age 76, DOB 7/10/26) underwent right THA on 10/6/94 with a Zimmer Centralign Precoat, size 2 femoral stem. She developed aseptic loosening within one year, and underwent revision on 7/16/96 using a Centralign Precoat femoral revision stem. By September 1998, she had a fracture of the cement column and subsidence of the stem. She underwent a second (complex) revision surgery on 3/20/00.
James Johannsen (age 63, DOB 1/23/39) underwent THA on 2/27/95 with a Centralign Option. He developed catastrophic osteolysis within three years, and underwent revision on 6/15/98.
Joann Lopes (age 58, DOB 12/12/43) underwent left THA on 3/21/95 using a Centralign Precoat. By August or September 1996, she began hearing a "clicking" sound in her left hip. By November 1996, she was having difficulty walking, and began to use a cane. She soon developed excruciating pain due to the loosening of her implant and severe osteolysis around the proximal femur. She had revision surgery on 3/14/97.

6

1407(a) provides in part that:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. 1407(a). Consolidation under 28 U.S.C. § 1407 has been held to be

appropriate in a products liability claim arising out the use of an allegedly defective

medical product in the matter of In re Temporomandibular Joint (TMJ) Implants Prods.

Liab. Litig., 844 F. Supp. 1553 (J.P.M.L. 1994). In that case, the Panel found that the

various actions in question

---

John Vino (age 60, DOB 1/23/42) underwent right THA 9/4/96 using a Centralign Precoat. His implant loosened within one year, causing increasing pain until he underwent revision on 4/21/98.

Sonia Fuentes-Weed (age 41, DOB 9/17/60) had her right hip replaced on 11/7/96 with a Centralign Option. Her implant loosened within two years and was revised on 3/16/99.

Dolores Dunn (age 69, DOB 1/9/33) underwent left THA on 12/3/96 using a Centralign Precoat. Her implant became loose with 18 months and she required revision which was performed on 6/21/99.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

> involve common questions of fact and that centralization under Section 1407 in the
> District of Minnesota will serve the convenience of the parties and witnesses and
> promote the just and efficient conduct of the litigation. All actions before the Panel
> are personal injury actions brought by individuals who have been implanted with
> temporomandibular joint (TMJ) implants. Common factual questions arise in these
> actions with respect to, *inter alia*, i) whether the TMJ implants are defective and
> unreasonably dangerous, ii) whether defendants failed to adequately test the
> implants and constituent materials or warn of possible risks to TMJ implant
> recipients, and iii) whether the implants' various constituent materials are prone to
> break down in recipients' bodies. Centralization under Section 1407 is necessary in
> order to eliminate duplicative discovery, prevent inconsistent pretrial rulings
> (especially with respect to class certifications and summary judgments), and
> conserve the resources of the parties, their counsel and the judiciary.

See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 844 F. Supp.

1553, 1554-55 (J.P.M.L. 1994). The Zimmer Centralign cases similarly involve common

questions of whether the Centralign hip prosthesis is defective and unreasonably

dangerous, whether Zimmer failed to adequately test the Centralign or warn of possible

risks to implant users, and whether the implants were susceptible to early mechanical

loosening. In addition, since there are already six cases involving allegedly defective

Centralign implants now pending in the District of Connecticut, Connecticut would be a

8

logical choice for consolidation. The Connecticut plaintiffs have retained expert witnesses located in Cambridge, Massachusetts (Dr. Rose) and West Charlton, New York (Dr. Zeliger), both neighboring states convenient to Connecticut. In the case of Mr. Johnson, the only material witnesses located in Minnesota are Mr. Johnson himself and his treating physicians. The defendant Zimmer, which removed the Johnson case to federal court, is headquartered in Warsaw, Indiana and is represented therein by the same Indiana counsel handling the Connecticut cases. Lead plaintiffs' counsel is located in New London, Connecticut and lead defense counsel is located in Fort Wayne, Indiana. The plaintiff George Johnson is willing to attend all court and discovery proceedings in Connecticut for which his presence is necessary.

For these reasons, the plaintiffs George David Johnson and Roberta Johnson and the Connecticut plaintiffs believe that these cases involve "one or more common questions of fact" and that transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions" within the

9

meaning of 28. U.S.C. § 1407.  Accordingly, the plaintiffs move for transfer of the

Johnson case to the District of Connecticut.

THE PLAINTIFFS

By _____

Robert I. Reardon, Jr. ct05358
Scott D. Camassar ct16160
**The Reardon Law Firm, P.C.**
Their Attorneys

10

## Revised Rule 7.2(a)(ii) Schedule of Cases

1. <u>George David Johnson & Roberta Johnson v. Zimmer, Inc.</u>, United States District Court for the District of Minnesota, No. 02-1328 JRT/FLN, John R. Tunheim, U.S.D.J. (Parties: George David Johnson, Roberta Johnson, Zimmer, Inc.) (Movants: George David Johnson & Roberta Johnson)


2. <u>Dolores Dunn & Donald Dunn v. Zimmer, Inc.</u>, United States District Court for the District of Connecticut, Hartford Division, Civil No. 3:00CV1306 (DJS), Dominic J. Squatrito, U.S.D.J. (Consolidated with: <u>John Vino & Cynthia Vino v. Zimmer, Inc.</u>, United States District Court for the District of Connecticut, Hartford Division, Civil No. 3:01CV516 (DJS), Dominic J. Squatrito, U.S.D.J.; <u>Joann Lopes v. Zimmer, Inc.</u>, United States District Court for the District of Connecticut, Hartford Division, Civil No. 3:01CV518 (DJS), Dominic J. Squatrito, U.S.D.J.; <u>Sonia Fuentes-Weed v. Zimmer, Inc.</u>, United States District Court for the District of Connecticut, Hartford Division, Civil No. 3:01CV517 (DJS), Dominic J. Squatrito, U.S.D.J.; <u>James Johannsen v. Zimmer, Inc.</u>,

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

United States District Court for the District of Connecticut, Hartford Division, Civil No.

3:00 CV2270(DJS), Dominic J. Squatrito, U.S.D.J.; <u>Stacia Bogdan & Frank Bogdan v.</u>

<u>Zimmer, Inc.</u>, United States District Court for the District of Connecticut, Hartford

Division, Civil No. 3:02CV637(DJS), Dominic J. Squatrito, U.S.D.J.)

(Parties: Dolores Dunn, Donald Dunn, John Vino, Cynthia Vino, Joann Lopes, Sonia

Fuentes-Weed, James Johannsen, Stacia Bogdan, Frank Bogdan (plaintiffs), Zimmer, Inc.

(defendant), Kent Bachus, Ph.D. (non-party witness); William H. Harris, M.D. (non-party

witness)


3. <u>John Vino & Cynthia Vino v. Zimmer, Inc.</u>, United States District Court for the

District of Connecticut, Hartford Division, Civil No. 3:01CV516 (DJS), Dominic J.

Squatrito, U.S.D.J. (Parties: John Vino, Cynthia Vino, Zimmer, Inc.)


4. <u>Joann Lopes v. Zimmer, Inc.</u>, United States District Court for the District of

Connecticut, Hartford Division, Civil No. 3:01CV518 (DJS), Dominic J. Squatrito,

U.S.D.J. (Parties: Joann Lopes, Zimmer, Inc.)

5. Sonia Fuentes-Weed v. Zimmer, Inc., United States District Court for the District of
Connecticut, Hartford Division, Civil No. 3:01CV517 (DJS), Dominic J. Squatrito,
U.S.D.J. (Parties: Sonia Fuentes-Weed, Zimmer, Inc.)

6. James Johannsen v. Zimmer, Inc., United States District Court for the District of
Connecticut, Hartford Division, Civil No. 3:00 CV2270(DJS), Dominic J. Squatrito,
U.S.D.J. (Parties: James Johannsen; Zimmer, Inc.; Bristol-Myers Squibb Co.(dismissed
defendant); Smith & Nephew Richards, Inc. (dismissed defendant))

7. Stacia Bogdan & Frank Bogdan v. Zimmer, Inc., United States District Court for the
District of Connecticut, Hartford Division, Civil No. 3:02CV637(DJS), Dominic J.
Squatrito, U.S.D.J. (Parties: Stacia Bogdan, Frank Bogdan, Zimmer, Inc.)

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed on August 14, 2002,

to the following counsel of record:

Robert I. Reardon, Jr.
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
Attorney for George David Johnson & Roberta Johnson,
Dolores Dunn & Donald Dunn, John Vino & Cynthia Vino,
Joann Lopes, Sonia Fuentes-Weed, James Johannsen, Stacia
Bogdan and Frank Bogdan
(designated attorney to receive papers for all plaintiffs)

John Sieben, Esq.
Scott Hertogs, Esq.
Sieben Polk LaVerdiere Jones & Hawn
999 Westview Drive
Hastings, MN 55033-2495
Attorneys for George David Johnson & Roberta Johnson

R. Lawrence Purdy, Esq.
Mark W. Lee, Esq.
Jacques T. Cowan, Esq.
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventy Street
Minneapolis, MN 55402

Attorneys for Zimmer, Inc.

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Abigail M. Butler, Esq.
Baker & Daniels
111 E. Wayne Street
Fort Wayne, IN 46802
Attorneys for Zimmer, Inc.

Francis H. Morrison, III, Esq.
Deborah Russo, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Attorneys for Zimmer, Inc.

Michael Ungaro
Bingham McCutchen LLP (fka Bingham Dana LLP)
One State Street
Hartford, CT 06103
Attorney for non-party witness William Harris, M.D.

Stephen V. Manning
O'Brien Tanski & Young
CityPlace II, 185 Asylum Street
Hartford, CT 06103-3402
Attorney for non-party witness Kent Bachus, Ph.D.

The Honorable John R. Tunheim

United States District Court
13E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

The Honorable Dominic J. Squatrito
United States District Court
450 Main Street
Hartford, CT 06103

Robert L. Reardon, Jr. ct05358

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 20 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1669*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZIMMER, INC., CENTRALIGN HIP PROSTHESIS PRODUCTS LIABILITY LITIGATION (NO. II)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation currently consists of 22 actions listed on the attached Schedule A and pending in two districts as follows: seventeen actions in the District of Minnesota and five actions in the District of Connecticut.[1] The plaintiffs in the five Connecticut actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Minnesota. Plaintiffs in twelve of the District of Minnesota actions and in six additional District of Minnesota actions that have been identified as potential tag-along actions support transfer. Sole common defendant Zimmer, Inc. (Zimmer) opposes transfer.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. This is the second time that the five Connecticut actions have been the subject of a Section 1407 transfer motion. In MDL-1497, *In re Zimmer, Inc., Centralign Hip Prosthesis Products Liability Litigation,* 237 F.Supp.2d 236 (J.P.M.L. 2002), the Panel denied a motion brought by plaintiff in one District of Minnesota action (an action that is also now included among the actions subject to the MDL-1669 transfer motion) for transfer of the Minnesota action to the District of Connecticut for centralization with the then six Connecticut actions pending there. In denying transfer, the Panel found that movant had failed to demonstrate that any common questions of fact and law were sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in a two-district docket where i) pretrial proceedings had been ongoing in the Connecticut district for over two years, and ii) plaintiff in the Minnesota action was represented by counsel who also represented the Connecticut action plaintiffs. *Id.* The moving

---

[1] The Section 1407 motion, as originally filed, included three additional actions: one action pending in the District of Connecticut, *Stacia S. Bogdan, et al. v. Zimmer, Inc.,* C.A. No. 3:02-637, one action pending in the District of Montana, *Robert G. Oakberg v. Zimmer, Inc.,* C.A. No. 2:03-47, and one action pending in the District of Minnesota, *Harry L. Poliwoda v. Zimmer, Inc.,* C.A. No. 0:04-1659. The Connecticut and Montana actions were the subjects of summary judgments granted in favor of the defendant on March 29, 2005, and Feb. 14, 2005, respectively; and the Minnesota action was settled and dismissed with prejudice on Jan. 10, 2005. Accordingly, the question of Section 1407 transfer with respect to these actions is moot.

- 2 -

Connecticut action plaintiffs now before the Panel in MDL-1669 have offered no persuasive reason why we should revisit our MDL-1497 decision in what has become another two-district docket with actions in one of the two districts at a very advanced stage. Proponents of transfer have alluded to the prospect of additional actions that are or may soon be pending in additional districts as a reason for ordering centralization. We note, however, that such actions are not now before the Panel, and their pendency does not create a persuasive reason for transfer of the five Connecticut actions that are.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1669 -- In re Zimmer, Inc., Centralign Hip Prosthesis Products Liability Litigation (No. II)

### District of Connecticut

*Dolores Dunn, et al. v. Zimmer, Inc.*, C.A. No. 3:00-1306
*James Johannsen v. Bristol-Myers Squibb Co., et al.*, C.A. No. 3:00-2270
*John Vino, et al. v. Zimmer, Inc.*, C.A. No. 3:01-516
*Sonia Fuentes-Weed v. Zimmer, Inc.*, C.A. No. 3:01-517
*Joann Lopes v. Zimmer, Inc.*, C.A. No. 3:01-518

### District of Minnesota

*George David Johnson, et al. v. Zimmer, Inc.*, C.A. No. 0:02-1328
*Allen Lillebo, et al. v. Zimmer, Inc.*, C.A. No. 0:03-2919
*Evelyn Reiling, et al. v. Zimmer, Inc.*, C.A. No. 0:03-2920
*Mary Orlowski v. Zimmer, Inc.*, C.A. No. 0:03-6076
*John W. Doschadis v. Zimmer, Inc.*, C.A. No. 0:03-6439
*Brent M. Symonds v. Zimmer, Inc.*, C.A. No. 0:04-985
*Kathryn E. Leclerc v. Zimmer, Inc.*, C.A. No. 0:04-1660
*Carmen Klingbeil v. Zimmer, Inc.*, C.A. No. 0:04-2780
*Elsie Grimm v. Zimmer, Inc.*, C.A. No. 0:04-3184
*Thomas O. Guss v. Zimmer, Inc.*, C.A. No. 0:04-3185
*Kenneth L. Kraft v. Zimmer, Inc.*, C.A. No. 0:04-3186
*Carol Rotondo v. Zimmer, Inc.*, C.A. No. 0:04-3346
*Thomas M. Krick v. Zimmer, Inc.*, C.A. No. 0:04-3347
*Henry C. Gerig, Jr. v. Zimmer, Inc.*, C.A. No. 0:04-3348
*William K. Freeman v. Zimmer, Inc.*, C.A. No. 0:04-3349
*Mildred E. Green v. Zimmer, Inc.*, C.A. No. 0:04-3350
*Marjorie Witt v. Zimmer, Inc.*, C.A. No. 0:04-3351

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 9 2005

FILED
CLERK'S OFFICE

## RELEASED FOR PUBLICATION

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER PARTIALLY SUSPENDING PANEL RULE 5.12(a), MANNER OF FILING PAPERS

IT IS HEREBY ORDERED that, because the Panel is utilizing filed papers and electronic distribution of those papers, Panel Rule 5.12(a), Manner of Filing Papers, R.P.J.P.M.L., 199 F.R.D. 425, 429 (2001), is partially suspended insofar as papers submitted for filing requiring an original and eleven copies shall be reduced to four copies along with an original.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 1 2002

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1497

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ZIMMER, INC., CENTRALIGN HIP PROSTHESIS PRODUCTS LIABILITY LITIGATION

> *Dolores Dunn, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:00-1306*
> *James Johannsen v. Bristol-Myers Squibb Co., et al., D. Connecticut, C.A. No. 3:00-2270*
> *John Vino, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01-516*
> *Sonia Fuentes-Weed v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01-517*
> *Joann Lopes v. Zimmer, Inc., D. Connecticut, C.A. No. 3:01-518*
> *Stacia S. Bogdan, et al. v. Zimmer, Inc., D. Connecticut, C.A. No. 3:02-637*
> *George David Johnson, et al. v. Zimmer, Inc., D. Minnesota, C.A. No. 0:02-1328*

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

This litigation consists of seven actions pending as follows: six District of Connecticut actions that have already been consolidated for purposes of discovery, and one additional action pending in the District of Minnesota. Plaintiff in the Minnesota action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Connecticut. Zimmer, Inc., the sole or sole remaining defendant in each action, opposes centralization.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movant has failed to demonstrate that any common questions of fact and law are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer in this two-district docket. We note that i) pretrial proceedings have been ongoing in the Connecticut district for over two years, and ii) plaintiff in the Minnesota action is represented by counsel who also represents the Connecticut action plaintiffs. Under these circumstances we are persuaded that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Chromated Copper Arsenate (CCA) Treated Wood Products Liability Litigation,* 188 F.Supp.2d 1380 (J.P.M.L. 2002); *see also Manual for Complex Litigation, Third,* § 31.14 (1995).

---

*Judge Sear took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these seven actions is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman