UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | MASTER DOCKET NO. |
| | : | 3:00CV1306 (JCH) |
| Plaintiffs, | : | |
| | : | [Pertains only to 3:01CV518(JCH)] |
| v. | : | |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | JUNE 22, 2005 |

**ZIMMER, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
RENEWED MOTION FOR SUMMARY JUDGMENT
<u>REGARDING STATUTE OF LIMITATIONS</u>**

Defendant, Zimmer, Inc. ("Zimmer"), respectfully submits this reply memorandum in support of its renewed motion for summary judgment based on the expiration of the applicable statute of limitations.

## I. INTRODUCTION

In the *Bogdan* case, which was consolidated with the present case for discovery purposes, Zimmer was awarded summary judgment on all of Mrs. Bogdan's claims – substantively identical to those brought by Ms. Lopes – on statute of limitations grounds. *See Dunn v. Zimmer, Inc.*, No. 3:03CV637(DJS), 2005 WL 752214 (D. Conn. Mar. 29, 2005), a true and correct copy of which is attached to Zimmer's opening memorandum. There is no reason for the Court to reach a different result with regard to Ms. Lopes' claims.

In her response to Zimmer's renewed motion ("Response"), Ms. Lopes does not acknowledge (much less distinguish) the *Bogdan* case and for all intents and purposes concedes that her lawsuit is time-barred under the principles relied on by the Court in *Bogdan*. Ms. Lopes' only response to Zimmer's renewed motion is to recycle arguments rejected expressly or implicitly by the Court in *Bogdan*. Zimmer shows below that the determination of the accrual

date of Ms. Lopes' claims is appropriate for summary judgment, that her product liability claims are time-barred because they accrued on March 14, 1997 at the latest, and that the continuing course of conduct doctrine does not apply in this case to extend the limitations period. The Court should grant Zimmer's motion.[1]

## II.  ARGUMENT

### A.  The Date On Which Ms. Lopes Should Have Discovered Her Actionable Harm Is Not A Question For The Trier Of Fact And Is Appropriate For Summary Judgment.

Signaling the weakness of her other arguments, Ms. Lopes presents the Court with a misleading statement of the law regarding the propriety of a summary judgment ruling under these circumstances. Despite this Court's implicit finding to the contrary in *Bogdan*, Ms. Lopes states that the determination of when a plaintiff should have discovered actionable harm, which triggers the running of the statute of limitations, is "a question of fact reserved for the trier of fact and is not amenable to summary judgment." (Response 12-13.) In truth, the cases cited by Ms. Lopes state that while the question is ordinarily one of fact, it may be resolved as a matter of law when appropriate. *See Lagassey v. State*, 846 A.2d 831, 841 (Conn. 2004); *Tarnowsky v. Socci*, 856 A.2d 408, 411 (Conn. 2004). This case, like *Bogdan*, is one where a ruling as a matter of law is appropriate because Ms. Lopes knew she suffered actionable harm as a matter of law when she underwent revision surgery on March 14, 1997.

---

[1] Ms. Lopes expressly elected not to respond to Zimmer's arguments that her claims of common law fraud and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") are time-barred, stating that because the claims were already dismissed on their merits the issue is moot. (Resp. 17-18.) Ms. Lopes cites no authority in support of her contention that the issue is moot. Moreover, as Zimmer set forth in its opening memorandum, Zimmer seeks a ruling on the statute of limitations issue as an additional ground that would support this Court's decision should Ms. Lopes appeal. By resolving the issue now, the Court could avoid the need for a possible remand and subsequent appeal dealing solely with the statute of limitations issues. Further, as Zimmer established in its opening memorandum, a district court may review any of its decisions at any time prior to the entry of a judgment. (Mem. of Law in Supp. of Zimmer, Inc.'s Renewed Mot. for Summ. J. on Joann Lopes' Claims ("Zimmer's Opening Mem.") 6.)

In fact, Zimmer has already cited a plethora of cases where the accrual date of causes of action in medical device product liability cases has been determined as a matter of law at the summary judgment stage and which hold that the accrual date and date of revision surgery are one and the same. *See Gnazzo v. G.D. Searle & Co.*, 973 F.2d 136, 137-38 (2d Cir. 1992) (applying Connecticut law, affirming summary judgment, and holding that the plaintiff discovered or *should have discovered* her injury and the defendant's causal connection to her injury long before the time the plaintiff's doctor told her of her condition and the product's causal connection because the plaintiff knew by 1981 that she had "*some form* of actionable harm") and *Sawtell v. E.I. du Pont de Nemours and Co.*, 22 F.3d 248, 252 (10th Cir. 1994) (affirming summary judgment for defendant manufacturer and explaining that reasonable minds could not differ that the plaintiff knew or should have known of the specific cause of her pain by the time of her surgery to remove her temporomandibular joint prostheses).[2]

To the extent that Plaintiff implies that *Lagassey*, *Tarnowski* or even *Catz* is more instructive on this point, she is wrong. None of those cases involve a medical device that was implanted and thereafter "failed" necessitating its removal. As the *Bogdan* Court made clear, unlike *Catz v. Rubenstein*, 513 A.2d 98 (Conn. 1986), where the plaintiff had to draw a connection between two seemingly separate injuries that eventually proved to be one single event, Ms. Lopes knew at the time of her revision surgery that her hip surgery had failed, that the failure occurred unexpectedly early in the life of her hip implant, and that she was injured, *i.e.*,

---

[2] *See also McCollin v. Synthes, Inc.*, 50 F. Supp. 2d 1119 (D. Utah 1999) (granting the defendant summary judgment and holding that the plaintiff's cause of action accrued on date of revision surgery); *Caplin v. Danek Medical, Inc.*, No. 94-2542-A, slip op. (M.D. La. Jan. 8, 1999) (granting the defendant summary judgment and holding that the plaintiff's cause of action accrued on date of revision surgery); *Conger v. Danek Medical, Inc.*, No. 4:96-CV-739-A, 1998 WL 1041331 (N.D. Tex. Dec. 14, 1998) (granting the defendant summary judgment and holding that the plaintiff's cause of action accrued on date of revision surgery); *Dunlap v. Medtronic, Inc.*, 47 F. Supp. 2d 888, 892 (N.D. Ohio 1999) (granting summary judgment for defendant manufacturer and stating that the plaintiff was "clearly put on notice as of the [revision] surgery of the need to pursue . . . possible remedies"); *Breaux v. Danek Medical, Inc.*, No. Civ.A. 95-1730, 1999 WL 64929, slip op. at *5-6 (E.D. La. Feb. 4, 1999).

needed a revision surgery to replace the implant. There is no question of fact left to be determined regarding when she should have discovered her actionable harm – the revision surgery left no doubt that Ms. Lopes knew she had, in the words of the Second Circuit, "some kind of actionable harm" as of March 14, 1997.

> **B.  Plaintiff's Argument That Her Product Liability Claims Did Not Accrue Until She Learned That Her Implant Was Defectively Designed And That Zimmer Manufactured The Implant Is Wholly Incorrect.**

Ms. Lopes argues that her product liability claims are timely because they did not accrue until she learned in 2000 that the Centralign was defectively designed and "may have caused the injury" she experienced and that it was manufactured by Zimmer. (Response 12.) The Court already considered and rejected these arguments in the *Bogdan* case and Plaintiff offers no reason for the Court to arrive at a different conclusion now on virtually identical facts.

This Court held that Mrs. Bogdan's alleged failure to discover information about a possible defect in her hip implant was due to a lack of diligence, nothing more:

> The facts show that any gap in Bogdan's knowledge was due primarily to a lack of diligence. Information became publically [sic] available as early as 1997 (indeed, according to plaintiff's brief, Zimmer knew of defects in the Centralign by 1996) that indicated a potential flaw in the Centralign hip prosthesis. Given the knowledge Bogdan possessed in 1996 – that her hip had failed unusually early causing her the pain and difficulty of a revision surgery – it would not be unreasonable to think that a diligent effort to discover the cause of her injury could have led her to the necessary information no later than 1998. The record is clear that Bogdan undertook no steps to pursue this suit until November 2001 at the earliest, more than five years after her injury and more than three years after she could have discovered her claim. At best, Bogdan has proved that she did not know the precise legal theory supporting her claim until 2001, but that is not the relevant inquiry when applying the statute of limitations.

*Dunn*, 2005 WL 752214 at *4.

The facts of this case are no different. First, Ms. Lopes knew that she had suffered actionable harm no later than March 14, 1997 such that she could have brought her claim then. Further, as in *Bogdan*, had she investigated Ms. Lopes should have learned of allegations regarding a possible design defect as early as 1998 – still more than three years before she filed her complaint. Indeed, Ms. Lopes' failure to learn of the alleged design defect establishes only that she may not have learned the precise legal theory supporting her claim until 2000. That, however, is not the relevant inquiry. *See Catz*, 513 A.2d at 102 ("The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories.") The undisputed facts establish that Ms. Lopes took no steps to pursue her suit against Zimmer until more than three years after her revision surgery and more than three years after she should have discovered her claim. Her design defect and manufacturing defect claims are time-barred.

In *Bogdan*, this Court also rejected Mrs. Bogdan's argument that she did not know the identity of the manufacturer of the prosthesis until 2001, holding:

> It is true that Bogdan did not know that her hip was manufactured by Zimmer, but her failure to discover this easy-to-find fact until 2001 is not indicative of diligence or due care. Once she was aware that her hip had failed and that her doctor considered the failure premature, plaintiff could have discovered the identity of the manufacturer with ease – perhaps even by asking her doctor, something that she seems never to have done.

*Dunn*, 2005 WL 752214 at *3. Like Mrs. Bogdan, Ms. Lopes cannot argue that a failure to discover that Zimmer manufactured her hip implant somehow tolled the statute of limitations. In fact, in *Tarnowsky*, 856 A.2d at 415-16, the Connecticut Supreme Court held that constructive knowledge of the identity of the entity causing the injury is sufficient to trigger the statute of limitations. The record is clear that had the question of the implant manufacturer's identity been asked of her surgeon, Dr. Moeckel, the answer would have been readily ascertainable even prior

to the initial surgery in 1995. (Exhibit A, Moeckel Dep., 11/29/01, 56 ll. 2-20.) In her deposition, Ms. Lopes admitted that she made no effort to ascertain the identity of the manufacturer of her implant from the date of her revision in March of 1997 until she talked to the Dunns in 2000. (Exhibit B, Lopes Dep., 75 l. 17 – p. 77 l. 11.) Ms. Lopes does not, and cannot, contend that Dr. Moeckel did not know the identity of the manufacturer at the time of her initial surgery in 1995. Accordingly, this Court should hold as a matter of law that Ms. Lopes should have learned Zimmer's identity shortly after March 14, 1997, at the latest, when her revision surgery triggered her obligation to investigate.

Ms. Lopes attempts to distinguish only two of the cases relied on by Zimmer, *Dennis v. ICL, Inc.*, 957 F. Supp. 376 (D. Conn. 1997) and *Gnazzo*. She argues that the operative distinction is that the *Dennis* and *Gnazzo* plaintiffs knew that they had sustained an injury and knew the identity of the party causing the injury while she did not. (Resp. 10.) Ms. Lopes' argument is unavailing. There is no indication that plaintiffs in either *Dennis* or *Gnazzo* knew the identity of the manufacturer at the time that they suffered actionable harm. Further, to the extent that Ms. Lopes is attempting to distinguish these cases on the basis that the plaintiffs in *Dennis* and *Gnazzo* knew they were injured, whereas Ms. Lopes did not know she had been injured until 2000, Ms. Lopes is completely offbase. As set forth in the myriad cases cited in Section II.A., the law is clear that revision surgery for an implanted medical device constitutes both the injury and notice of the need to pursue potential remedies including an investigation into the manufacturer of the implant if necessary.

  C.  **There Is No Basis For The Court To Apply The Continuing Course Of Conduct Doctrine.**

In her Response, Ms. Lopes argues that the continuing course of conduct doctrine operates to extend the statute of limitations on her claims. As set forth in Zimmer's opening

memorandum, this argument was rejected by the *Bogdan* Court. Ms. Lopes' attempt to invoke the continuing course of conduct doctrine here similarly should be rejected.

Ms. Lopes claims that Zimmer "has never admitted that the Centralign was dangerous or defective, or provided adequate warnings or instructions to minimize harm, thereby tolling the statute of limitations" and that Zimmer breached the post-sale duty to warn recognized by the court in *Densberger v. United Techs. Corp.*, 283 F.3d 110 (2d Cir. 2002). (Resp. 15-16.) From this factual and legal predicate, Ms. Lopes reasons that her causes of action accrued later than her revision surgery and further, without coming out and saying it, that her causes of actions even today have not accrued. If Ms. Lopes is right, then the statute of limitations will not apply to any case in which the defendant denies liability. Ms. Lopes is incorrect.

It is well-established that the "continuing course of conduct" doctrine tolls the statute of limitations only where (a) there was evidence of a "special relationship" between the parties or (b) "some later wrongful conduct of a defendant related to the prior act." *Fichera v. Mine Hill Corp.*, 541 A.2d 472, 474 (Conn. 1988). Here, there is no alleged "special relationship" between Zimmer and Ms. Lopes. Ms. Lopes instead uses Zimmer's alleged conduct to support the doctrine's application. Connecticut courts require a plaintiff seeking to invoke the continuing course of conduct doctrine to establish a nexus between the defendant's "continuing" conduct and the plaintiff's injury and have refused to apply the doctrine where the conduct by the defendant asserted as the basis for the doctrine occurs after the alleged harm already has occurred; stated differently, the conduct supporting the doctrine must occur at a time when it makes a difference. *See, e.g.*, *Sanborn v. Greenwald*, 664 A.2d 803, 808 (Conn. App. Ct. 1995). After reviewing the cases in which Connecticut courts have applied the doctrine, the court in *Sanborn* explained that "[i]n each of these cases, the plaintiff's injury was perpetuated, enhanced

and even caused by the breach of a duty on the part of the defendant." *Id. See e.g., Fichera*, 541 A.2d at 475-76 (refusing to apply continuing course of conduct doctrine where the asserted basis for tolling the limitations period was conduct after the relevant transaction, the purchase of real estate, was complete).

Here, Zimmer's relationship with, and ability to injure, Ms. Lopes ended at the very latest on the date of Ms. Lopes' revision surgery. No action or inaction by Zimmer after that date had any bearing on Ms. Lopes whatsoever. As it did in *Bogdan*, the Court should reject Ms. Lopes's request to invoke the continuing course of conduct doctrine:

> Plaintiff's assertion is unpersuasive. The duty to warn ends when the defect is discovered. *Beckenstein v. Potter and Carrier, Inc.*, 191 Conn. 150, 162 (Conn. 1983)(holding that the duty to warn of a defective roof ended when the roof started to leak, exposing the problem). Here, the claim is that the failure to warn the plaintiff or her doctor of problems with the Centralign led to the use of a defective product. The failure of the product occurred, at the latest, on July 17, 1996 and at that time the duty to warn ended. As discussed, the record shows that Bogdan did not diligently pursue her product liability claim during the five years between 1996 and 2001, and the claim is thus time-barred.

*Dunn*, 2005 WL 752214, at *4.

Ms. Lopes' failure to warn claim is no different. Like *Bogdan*, the "failure" of Ms. Lopes' hip implant occurred more than four years before she filed her complaint – on March 14, 1997 at the latest. Accordingly, any duty to warn ended on that date.

None of the cases cited by Ms. Lopes change this analysis. Ms. Lopes has cited no case that extends the accrual date for a cause of action past the date that a defendant's alleged conduct could harm the plaintiff and otherwise cause injury. All of the "continuing course of conduct" cases cited by Ms. Lopes can be distinguished on this ground and are irrelevant because they involve: (a) negligence-based medical malpractice claims in which the plaintiff alleged that a healthcare provider's failure to inform about a diagnosis or medical risk caused injury and the

courts tolled the statute of limitations until the plaintiff discovered the injury, *Sherwood v. Danbury Hosp.*, 746 A.2d 730, 740-41 (Conn. 2000); *Blanchette v. Barrett*, 640 A.2d 74, 86 (Conn. 1994); *Cross v. Huttenlocher*, 440 A.2d 952, 958 (Conn. 1981); (b) a negligence action where the plaintiff alleged that the defendant should have warned about a product defect *prior* to the product causing an injury, *Handler v. Remington Arms Co.*, 130 A.2d 793, 795 (Conn. 1957); and (c) federal discrimination claims where the plaintiff alleged a course or pattern of discrimination extending into the limitations period thereby making the lawsuit timely, *Ass'n Against Discrimination in Employment, Inc. v. Bridgeport*, 647 F.2d 256, 260-61 (2d Cir. 1981), *cert. denied*, 455 U.S. 988 (1982); *Doe v. Blake*, 809 F. Supp. 1020, 1025 (D. Conn. 1992); *Members of Bridgeport Hous. Auth. Police Force v. Bridgeport*, 85 F.R.D. 624, 637 (D. Conn. 1980).[3]

Without designating it as a separate argument, Ms. Lopes raises a claim of fraudulent concealment along with her continuing course of conduct argument. The Court should reject this claim as well. Intent and an affirmative act of concealment are elements of a fraudulent concealment claim. *Hamilton v. Smith*, 773 F.2d 461, 468 (2d. Cir. 1985), *citing Zimmerer v. General Elec. Co.*, 126 F. Supp. 690, 693 (D. Conn. 1954). Here, there is no evidence raising a material issue of fact on either element. Ms. Lopes has not cited any evidence in the record (not a single document or line of deposition testimony) suggesting that Zimmer intended to conceal any fact or that Zimmer undertook any affirmative step to conceal anything about the Centralign. *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful");

---

[3] One of the cases cited by Ms. Lopes is wholly inapplicable factually and legally and warrants no further discussion. *See Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982), *cert. denied sub nom. Cattell v. Barrett*, 462 U.S. 1131 (1983) (involving a claim under the Federal Tort Claims Act).

*Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991) (holding that "bald assertion[s], completely unsupported by evidence" cannot defeat summary judgment). Because Ms. Lopes' claim of fraudulent concealment has no basis in either fact or law it must be rejected as a matter of law.

### III.  CONCLUSION

Nothing in Ms. Lopes' Response demonstrates or even suggests the existence of any issue of material fact or question of law with regard to the statute of limitations issues raised by Zimmer. Accordingly, each of her claims is barred by the applicable statute of limitations. For all of the foregoing reasons and those set forth in its opening memorandum, Zimmer is entitled to judgment as a matter of law.

Respectfully submitted,
DEFENDANT, ZIMMER, INC.

Dated:  June 22, 2005

By: /s/ Robert E. Koosa
Albert J. Dahm (ct21710)
Michael S. Elvin (ct21711)
DAHM & ELVIN, LLP
9604 Coldwater Road - Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000

Francis H. Morrison III (ct 04200)
(fhmorrison@dbh.com)
Robert E. Koosa (ct 26191)
(rekoosa@dbh.com)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103-3499
Telephone:  (860) 275-0100
Facsimile:   (860) 275-0343
Its Attorneys

-11-

## CERTIFICATE OF SERVICE

       THIS IS TO CERTIFY that on the 22nd day of June, 2005, a copy of the foregoing Reply Memorandum in Support of Zimmer Inc.'s Renewed Motion for Summary Judgment Regarding Statute of Limitations was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                         /s/ Robert E. Koosa
                                         Robert E. Koosa (ct26191)
                                         Day, Berry & Howard LLP