UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | [Pertains only to |
| v. | : | 3:01CV518(JCH)] |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | JUNE 23, 2005 |

**ZIMMER, INC.'S OPPOSITION TO PLAINTIFF'S
FED. R. CIV. P. 12(f) MOTION TO STRIKE ZIMMER'S
RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant Zimmer, Inc. ("Zimmer"), by counsel, submits its Opposition to Plaintiff Joann Lopes' Federal Rule of Civil Procedure 12(f) Motion to Strike Zimmer's Renewed Motion for Summary Judgment.

**I.
INTRODUCTION**

Knowing that this Court ruled in Zimmer's favor on the statute of limitations issue in the nearly identical *Bogdan* case, Plaintiff seeks to prevent the Court from addressing that threshold issue in her own case. However, Plaintiff's arguments are red herrings designed to distract the Court from an issue that must be resolved either sooner or later – whether Plaintiff's claims against Zimmer are time barred. Zimmer first raised that issue in its timely filed May 28, 2002 Motion for Summary Judgment. Now Plaintiff seeks to take advantage of the Court's inadvertent failure to rule on the issue by raising a series of technical arguments to misconstrue Zimmer's request for a ruling. Those arguments, however, are wrong. The Court should reject Plaintiff's elevation of form over substance and rule on the statute of limitations issue before the parties invest significant additional resources into trial preparation.

## II.
## BACKGROUND

On May 28, 2002, Zimmer filed a Motion for Summary Judgment, demonstrating that all of Plaintiff Joann Lopes' claims against Zimmer are barred by the applicable statutes of limitations. On December 5, 2002, Zimmer filed a subsequent Motion for Summary Judgment, raising other substantive grounds warranting dismissal of Plaintiff's claims. The Court denied Zimmer's statute of limitations motion without prejudice on March 21, 2003, stating in its ruling that it would consider the statute of limitations issue in conjunction with the substantive issues raised in Zimmer's later filed Motion. On March 31, 2005, the Court issued a ruling on Zimmer's December 5, 2002 Motion, dismissing on substantive grounds all of Plaintiff's claims, except her design defect and failure to warn product liability claims. Absent from the Court's ruling, however, was a discussion or ruling on Zimmer's statute of limitations arguments. Recognizing that the Court may have inadvertently failed to rule on the statute of limitations motion, Zimmer filed its Renewed Motion for Summary Judgment, which requests nothing more than a ruling on the statute of limitations issues first raised in Zimmer's May 28, 2002 Motion for Summary Judgment.

On June 9, 2005, one day after Plaintiff filed her response to the Renewed Motion for Summary Judgment, Plaintiff filed a Motion pursuant to Federal Rule of Civil Procedure 12(f) requesting that the Court strike the Renewed Motion.

# III.
# ARGUMENT

This Court should deny Plaintiff's Motion to Strike and rule on the statute of limitations issue. In Section A, Zimmer establishes that the statute of limitations issue is a threshold issue that the Court should resolve before the parties invest significant additional resources into trial preparation. In Section B, Zimmer establishes that its Renewed Motion is not a Motion for Reconsideration and is not subject to the filing requirements of Local Civil Rule 7(c). In Section C, Zimmer establishes that its Renewed Motion is not an untimely Motion for Summary Judgment because the Renewed Motion seeks a ruling on issues Zimmer raised before the deadline for filing dispositive motions had passed. Finally, in Section D, Zimmer establishes that Plaintiff has undercut her own technical arguments by failing to comply with the filing requirements of the rule on which she relies.

### A. Whether Plaintiff's Claims are Barred by the Statute of Limitations is a Threshold Issue that Must Eventually be Decided.

Regardless how the Court interprets the Renewed Motion for Summary Judgment, striking it would serve no purpose. Zimmer properly raised the issue in its May 28, 2002 Motion for Summary Judgment and does not intend to abandon its statute of limitations argument simply because Plaintiff wishes to avoid this important threshold issue. Moreover, even if Plaintiff were successful in convincing the Court to strike Zimmer's Renewed Motion for Summary Judgment, the Court still would have an obligation to consider whether Plaintiff's claim is barred by the statute of limitations. *See United States v. Terry*, No. CIV. A. 97-CV-522, CRIM. 92-CR-51, 1997 WL 662477, at **2-3 (N.D.N.Y. Oct. 22, 1997) (even though government did not raise issue, court was compelled to consider possibility that petitioner's motion was barred by the applicable statute of limitations); *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002)

(although statute of limitations issue was not included in the certificate of appealability, where it became apparent that statute of limitations was a threshold issue, court requested supplemental briefing on issue and affirmed lower court's ruling on ground that petition was untimely). If the Court does not decide the issue now, the parties may invest considerable additional time and expense preparing and presenting their cases only to learn that Plaintiff's claims are barred. That result would serve no meaningful purpose. The Court should reject Plaintiff's overly technical arguments, which Zimmer refutes below, and decide the statute of limitations issue now.

**B.**     **Zimmer's Renewed Motion Is Not an Untimely Motion for Reconsideration.**

Contrary to Plaintiff's assertions, Zimmer's Renewed Motion for Summary Judgment is not a motion for reconsideration of this Court's March 31, 2005 Memorandum of Decision. Accordingly, the timing provisions of Local Civil Rule 7(c) do not apply. In the Renewed Motion, Zimmer makes a very simple request – that the Court render a decision on the Summary Judgment Motion Zimmer first filed on May 28, 2002. That request cannot be characterized as a Motion for Reconsideration because the Court has issued no ruling upon which Zimmer might seek reconsideration. The fallacy of Plaintiff's characterization becomes clear when Zimmer's request is compared with the well established law governing motions for reconsideration.

This Court treats motions for reconsideration under Local Civil Rule 7(c) as motions for amendment of the judgment under Federal Rule of Civil Procedure 59(e). *Ryan v. Sullivan, Hill, Lewin, Rez, Engel & Labazzo*, No. 3-00-CV-1854 (DJS), 2005 WL 367836, at *1 (D. Conn. Jan. 25, 2005). There are only three specific grounds upon which a Motion for Reconsideration can be based: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Id*. These standards are intended to prevent "wasteful repetition of arguments ***already briefed, considered***

4

*and decided*." *Id.* (*citing Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)) (emphasis added). In short, a Motion for Reconsideration seeks reconsideration on an issue that already has been decided – not an issue upon which the Court inadvertently failed to rule.

Here, Zimmer's Renewed Motion cannot be construed as a Motion for Reconsideration because it does not seek relief on any of the three recognized bases for reconsideration. *See Twin Labs., Inc. v. Weider Health & Fitness*, 720 F. Supp. 31, 34 (S.D.N.Y. 1989) ("renewed motions for summary judgment are not motions for reconsideration"). Zimmer is not arguing that the law has changed or that Zimmer has discovered new evidence. Nor does Zimmer seek to correct error or prevent injustice. Tellingly, Plaintiff fails to cite a single case supporting her characterization of Zimmer's Renewed Motion. Because the Renewed Motion is not a motion for reconsideration, the 10 day filing provision of Local Civil Rule 7(c) does not apply.[1]

The Court should deny Plaintiff's Motion and issue a ruling on the statute of limitations issue.

## C. Zimmer's Renewed Motion for Summary Judgment Does Not Violate the Court's Scheduling Order.

Plaintiff next argues that the Court should strike Zimmer's Renewed Motion for Summary Judgment because the deadline for filing dispositive motions has passed. Again, Plaintiff's argument is wrong. Zimmer filed its May 28, 2002 Motion for Summary Judgment well within the timelines set by the Court. Zimmer's Renewed Motion does not raise new issues. It seeks a ruling on the issues first raised in 2002.

---

[1] Assuming, *arguendo*, that Zimmer's Renewed Motion could be characterized as a motion for reconsideration, this Court still has discretion to consider the Motion. The law is well-settled that a district judge is free to modify pre-trial interlocutory orders and rulings at any time prior to final judgment – even after the case is reassigned to another judge. *In re Agent Orange Prod. Liab. Litig.*, 733 F.2d 10, 13 (2d Cir. 1984); *Int'l Union of Bricklayers & Allied Craftsmen v. Gallante*, 938 F. Supp. 196, 201 (S.D.N.Y. 1996).

To bolster her argument, Plaintiff refers to her own late disclosure of an expert witness, whose testimony this Court correctly excluded as untimely. Plaintiff argues that Zimmer is trying to hold her to technical compliance with the rules, while seeking itself to avoid their effect. However, Plaintiff has failed to demonstrate that Zimmer has violated any rule or Order of this Court. Zimmer's submission of the Renewed Motion is not inconsistent with its opposition to Plaintiff's late disclosure of an expert witness.

**D.     Plaintiff's Own Actions Undercut her Arguments.**

While arguing that Zimmer is seeking "to circumvent the Local Rules and the long-expired scheduling orders of this Court," Plaintiff herself ignores the timing requirements in the very rule on which she bases her Motion. Federal Rule of Civil Procedure 12(f) provides that a Motion to Strike must be filed before the party files a response to the pleading it seeks to have stricken. FED. R. CIV. P. 12(f). *See, e.g., Harley-Davidson, Inc. v. O'Connell*, 13 F. Supp. 2d 271, 278 (N.D.N.Y. 1998) (time for motion to strike expires once responsive pleading is filed). Contrary to the clear requirement of Rule 12(f), Plaintiff filed her Motion to Strike on June 9, 2005 – the day after she filed her response to Zimmer's Renewed Motion for Summary Judgment. Plaintiff should not be heard to argue for strict application of timing rules when she, once again, has failed to comply with them herself.

To heighten the urgency surrounding her Motion, Plaintiff also asserts that Zimmer should not be allowed to file its Renewed Motion for Summary Judgment "on this late date and on the eve of trial." Once again, Plaintiff's own conduct undercuts her argument. Plaintiff recently filed motions to transfer her case, along with the other *Dunn* cases that have been consolidated for discovery, to the District of Minnesota for trial. She then filed a Motion to Consolidate those cases for trial, should the Court deny her Motion to Transfer. Those Motions

are pending before the Court. If Zimmer's Renewed Motion was in fact filed at a "late date and on the eve of trial," which it was not, Plaintiff's motions for transfer and consolidation also would be untimely and subject to being stricken. The fact is that no trial date has been set in this case and no date can be set until Plaintiff's Motions are resolved. There is sufficient time for this Court to consider Zimmer's Renewed Motion without affecting the trial schedule.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion to Strike Zimmer's Renewed Motion for Summary Judgment.

Dated:  June 23, 2005                    Respectfully submitted,

ZIMMER, INC.


By:___/s/ Francis H. Morrison III
    Albert J. Dahm (ct21710)
    Michael S. Elvin (ct21711)
    DAHM & ELVIN, LLP
    9604 Coldwater Road - Suite 201
    Fort Wayne, IN 46825
    Telephone:  (260) 497-6000

    Francis H. Morrison III (ct 04200)
    DAY, BERRY & HOWARD LLP
    CityPlace I
    Hartford, Connecticut  06103-3499
    (860) 275-0100
    E-mail:  fhmorrison@dbh.com

    Its Attorneys

CERTIFICATION

      I hereby certify that on June 23, 2005, a copy of the foregoing Opposition To Plaintiff's Fed. R. Civ. P. 12(F) Motion To Strike Zimmer's Renewed Motion For Summary Judgment was filed electronically (and served by mail on anyone unable to accept electronic filing) on the parties listed below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

Robert I. Reardon, Jr., Esq.
The Reardon Law Firm, P.C.
160 Hempstead Street
P.O. Box 1430
New London, CT 06320

                                           /s/ Francis H. Morrison III
                                            Francis H. Morrison III