UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, ET AL, | : | CIVIL ACTION NO: |
| Plaintiffs, | : | 3:00CV1306 (JCH) |
| | : | |
| | : | [pertains to 3:00CV1306(JCH); |
| | : | 3:01CV516(JCH); |
| | : | 3:01CV517(JCH); |
| | : | 3:01CV518(JCH); |
| | : | 3:00CV2270(JCH)] |
| | : | |
| V. | : | |
| | : | |
| ZIMMER, INC. | : | |
| Defendant. | : | JUNE 24, 2005 |

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

The plaintiffs in the above captioned matters, **DOLORES DUNN, DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED, JOANN LOPES and JAMES JOHANNSEN** respectfully submit the following reply memorandum in support of their motion to consolidate their actions for trial pursuant to Fed. R. Civ. P. 42.

-1-

**I.     ARGUMENT**

The defendant, Zimmer, Inc. ("Zimmer"), acknowledges on page 5 of its June 17, 2005 Memorandum in Opposition to Motion to Consolidate ("Opp. Mem.") that the relevant claims remaining in these cases are the same for all of the plaintiffs – the Centralign is defective and unreasonably dangerous with regard to its design and warnings.  Despite the commonality of these claims, Zimmer alleges that these cases are inappropriate for trial consolidation because individual issues predominate.  Zimmer essentially argues that the jury will be compelled to determine how each stem was implanted, why the condition of the cement mantle caused the stem to loosen and how each individual plaintiff's activity level and medical history impacted the injury.  See  Opp. Mem. at p. 20.  Zimmer's concerns are misplaced.

**A.     The Jury May Not Consider The Conduct Of Entities That Are Not Parties To This Action**

The jury will not be compelled to make a determination as to how each stem was implanted in this case nor has to why the condition of the cement

mantle caused the stem to loosen. In order to make any such determination, the jury would be compelled to determine the culpability of the plaintiffs' treating physicians, the cement manufacturer and perhaps other entities. The jury will have no such responsibility.

The plaintiffs' claims are governed by the Connecticut Product Liability Act ("CPLA") as set forth at Conn. Gen. Stat. §52-572m et seq. Conn. Gen. Stat. §52-572o sets forth the rules to be followed by the court and the jury in determining comparative responsibility under the CPLA. This statute limits the jury's ability to allocate responsibility under the CPLA to the parties to the case. Conn. Gen. Stat. §52-572o(b) states,

> In any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, indicating (1) the amount of damages each claimant would receive if comparative responsibility were disregarded, and (2) the percentage of responsibility allocated to **each party**, including the claimant, as compared with the combined responsibility of **all parties to the action**. For this purpose, the court may decide that it is appropriate to treat two or more persons as a single party.

(Emphasis added.) This statute expressly sets forth that the jury is limited to

-3-

allocating responsibility to the **parties** to the action.  The only parties to these actions are the plaintiffs and the defendant Zimmer, Inc.  The CPLA does not allow the jury to allocate responsibility to entities that are not parties to these actions.

Further, the CPLA mandates that the jury may only enter an award of damages against a **party** to the action.  Pursuant to the CPLA, the jury may not enter an award against an entity that is not a party to the action.  Conn. Gen. Stat. §52-572o(d) states

> The court shall determine the award for each claimant according to these findings and shall enter judgment against **parties** liable on the basis of the common law joint and several liability of joint tortfeasors. The judgment shall also specify the proportionate amount of damages allocated against **each party** liable, according to the percentage of responsibility established for **such party**.

(Emphasis added.)  The jury will not be allowed to find that an entity that is not a party to this action must pay damages to the plaintiffs.

Zimmer's arguments against consolidation are contrary to the mandates of

the CPLA.  In order to determine how each stem was implanted and why the condition of the cement mantle caused the stem to loosen, the jury would be obligated to consider the conduct of entities other than the defendant Zimmer.  The trial of this matter, as Zimmer acknowledges on page 5 of its Opposition Memorandum, will focus upon whether the Centralign is defective and unreasonably dangerous with regard to its design and warnings.  The trial will not focus upon the conduct of the plaintiffs' treating physicians nor of the cement manufacturers.  Zimmer's attempts to convert this product liability case into a medical malpractice case against the plaintiffs' physicians is contrary to the express requirements of the CPLA.  Further, Zimmer's attempts to blame the cement manufacturers is similarly misplaced.  The CPLA requires that the jury determine only the responsibility of the **parties** to the action.

     Zimmer possessed the right to implead any other entities that it believes may have caused injuries to the plaintiffs.  In <u>Malerba v. Cessna Aircraft Co.</u>, 210 Conn. 189, 554 A.2d 287 (1989), the Connecticut Supreme Court determined that a defendant in a product liability action may, pursuant to Conn. Gen. Stat. §52-102a and Conn. Gen. Stat. §52-577a, implead other responsible entities to

the action.  Further, if it so chooses, Zimmer may, after final judgment enters, initiate a contribution action against other responsible entities that were not parties to the original action.  <u>See</u> Conn. Gen. Stat. §52-572o(e).  Conn. Gen. Stat. §52-57o(e) states

> If a judgment has been rendered, any action for contribution must be brought within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (1) discharged by payment the common liability within the period of the statute of limitations applicable to the right of action of the claimant against him and commenced the action for contribution within one year after payment, or (2) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and brought an action for contribution.

Zimmer will not be prejudiced by the consolidation of these actions since the factors listed by Zimmer in its Opposition Memorandum may not be considered by the jury pursuant to the CPLA.  Further, Zimmer is not prejudiced by this result because not only did Zimmer possess the right to implead other potentially liable actors but Zimmer continues to possess the right to initiate an action for contribution after a judgment is entered against it and after the

judgment is final.

In view of the CPLA's express requirements, this Court should reject Zimmer's arguments that the actions of various non-party entities preclude the consolidation of these actions for trial.

THE PLAINTIFFS DOLORES DUNN, DONALD DUNN, JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED, JOANN LOPES and JAMES JOHANNSEN

    /s/ Robert I. Reardon, Jr.
Robert I. Reardon, Jr.
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT  06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct05358

**CERTIFICATION**

      I hereby certify that a copy of the foregoing has been mailed on June 24, 2005, to the following counsel of record:

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Dahm & Elvin, LLP
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825

                                                                       /s/ Robert I. Reardon, Jr.
                                                      Robert I. Reardon, Jr.
                                                      **THE REARDON LAW FIRM, P.C.**
                                                      160 Hempstead Street
                                                      New London, CT 06320
                                                      Phone: 860-442-0444
                                                      Fax: 860-444-6445
                                                      Email: reardonlaw@aol.com
                                                      Federal Bar No. ct05358