UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOLORES DUNN, et. al., | : | |
| | : | MASTER DOCKET NO. |
| Plaintiffs | : | 3:00cv1306 (JCH) |
| | : | [Pertains only to |
| v. | : | 3:00cv1306(JCH), 3:01cv516(JCH), |
| | : | 3:01cv517(JCH), 3:01cv518(JCH), |
| ZIMMER, INC., | : | 3:00cv2270(JCH)] |
| | : | |
| Defendant. | : | JULY 1, 2005 |

**ZIMMER, INC.'S SUR-REPLY TO PLAINTIFFS' REPLY
IN SUPPORT OF THEIR MOTION TO CONSOLIDATE**

In reply to Zimmer's Memorandum in Opposition to Plaintiffs' Motion to Consolidate, where Zimmer demonstrated among other things that individualized issues of fact predominate with regard to determinations of proximate cause and reasonable care, Plaintiffs assert that consideration of those factual issues by the jury will impermissibly compel it "to determine the culpability of the [non-party] plaintiffs' treating physicians, the cement manufacturer and perhaps other entities." (Reply Br. at 3.) Thus, the Plaintiffs argue, Zimmer cannot introduce evidence regarding those individual issues of fact to the jury so the presence of those issues is irrelevant when considering the propriety of consolidating these cases. Plaintiffs' analysis fails because there is no evidence or even suggestion that Zimmer intends to have the jury allocate percentages of responsibility among non-parties. Accordingly there is no need for the Court to consider Plaintiffs' Reply Brief.

Even if the Court chooses to look more closely at the reply, the law is clear that Zimmer can introduce evidence regarding proximate cause for each of the Plaintiffs, regardless of whether the person or entities who may have proximately caused Plaintiffs' alleged injuries are parties or not. Thus, the jury's consideration of individual surgical factors that leads it to believe that a non-party

caused the loosening experienced by each of these Plaintiffs is both permissible and a far cry from the jury being compelled to allocate liability to or award judgment against a non-party. The existence of those individualized facts is also a valid reason for denying Plaintiffs' motion to consolidate.

*Akridge v. Nastri*, No. LPLCV9703970875, 1997 WL 639448 (Conn. Super. Ct. Oct.7, 1997), is instructive. There the minor plaintiff, through his mother as next friend, sought to recover damages due to alleged exposure to lead-based paint. *Id*. at *1. The defendant premises owners alleged as a special defense that the recklessness of the mother was the proximate cause of plaintiff's injuries because she continued to reside in the premises after receiving notice of alleged lead hazards. *Id*. The defendants moved to cite in the mother as a party defendant claiming that she must be made a defendant so that a complete assessment of the responsibility of all parties to the action could be made. *Id*.

The court denied the motion to cite in the mother finding that the defendants sought to make her a party "to shift responsibility, essentially claiming that it was her conduct, rather than theirs, that was the proximate cause of the injuries alleged by the plaintiff." *Id*. at *3. As the court explained, "[b]ringing in another person as a party defendant is not the proper procedural way to challenge proximate cause. Proximate cause has already been placed in issue by the plaintiff's complaint and the plaintiff has the burden of proving it." *Id*. "The defendants are free to present evidence to refute claims that their conduct was the proximate cause of the plaintiff's injuries. There is no general limitation on the introduction of relevant and otherwise admissible evidence that the conduct of another, **even if not a party in the case**, was the sole proximate cause of injury." *Id*. (emphasis added.) Since the defendants were not seeking apportionment of negligence against the mother, the court held that she was not a necessary party and could not be

cited in by the defendants. *Id.* at *3-4. *See also Wagner v. Clark Equip. Co., Inc.,* 700 A.2d 38, 47 (Conn. 1997)("We conclude that it is for the jury to determine whether the plaintiff's conduct, if negligent, combined with the conduct of [non-parties] Sarette and Electric Boat so as to constitute a superseding cause, in which case the defendants are not liable…"); *Baker v. Cordisco*, 657 A.2d 230, 237 (Conn. App. Ct. 1995) ("On the basis of the evidence before it, the jury could reasonably have concluded, as it did, that the sole proximate cause of the collision was the negligent conduct of the operator of the vehicle in which the plaintiff was a passenger and against whom she elected not to bring an action.").

Based on *Akridge*, *Wagner* and *Baker*, it is clear that Zimmer may present evidence which leads the jury to conclude that the conduct of others, whether parties or not, was the sole proximate cause of the injuries complained of by these Plaintiffs. Moreover, such evidence has nothing to do with allocation of responsibility among the parties by the jury. Accordingly, the individualized issues of fact regarding proximate cause and reasonable care for each Plaintiff are appropriate for the jury's consideration and the need to consider those critical individualized facts supports Zimmer's opposition to Plaintiffs' motion to consolidate.

Dated:  July 1, 2005

Respectfully submitted,
**DEFENDANT, ZIMMER, INC.**


By: _____

    Albert J. Dahm (ct 21710)
    Michael S. Elvin (ct 21711)
    Dahm & Elvin, LLP
    9604 Coldwater Road, Suite 201
    Fort Wayne, IN  46825
    Telephone:  (260) 497-6000
    Facsimile:  (260) 497-6019

    Francis H. Morrison, III (ct04200)
    Robert E. Koosa (ct26191)
    Day Berry & Howard, LLP
    CityPlace I
    Hartford, CT  06103
    Telephone:  (860) 275-0100
    Facsimile:   (860) 275-0343

## <u>CERTIFICATION</u>

I hereby certify that on July 1, 2005, a copy of the foregoing Zimmer, Inc.'s Sur-Reply to Plaintiffs' Reply in Support of their Motion to Consolidate was filed electronically (and served by mail on anyone unable to accept electronic filing) on the parties listed below.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing).  Parties may access this filing through the Court's system.

Robert I. Reardon, Jr., Esq.
The Reardon Law Firm, P.C.
160 Hempstead Street
P.O. Box 1430
New London, CT 06320

_____
Robert E. Koosa