

00-CV-1306
HALL

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 6th day of January, two thousand and six.

PRESENT:

AMALYA L. KEARSE
RICHARD J. CARDAMONE
JOSÉ A. CABRANES
                    *Circuit Judges*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STACIA S. BOGDAN and FRANK BOGDAN,

            *Consolidated Plaintiffs-Appellants,*

DOLORES DUNN and DONALD DUNN,

            *Plaintiffs,*

JOHN VINO, CYNTHIA VINO, SONIA FUENTES-WEED,
and JOANN LOPES,

            *Consolidated Plaintiffs,*

                v.                                              No. 05-2087

ZIMMER, INC.,

            *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



UNITED STATES COURT OF APPEALS
FILED
JAN 6 2005
SECOND CIRCUIT

APPEARING FOR APPELLANTS:        ROBERT I. REARDON, JR. (Robert T. Rimmer, *on*

1

ISSUED AS MANDATE: 3/16/06

*the brief*), The Reardon Law Firm, P.C., New London, CT

**APPEARING FOR APPELLEE:**    ALBERT J. DAHM (Michael S. Elvin and Andrew M. Spangler, Jr., Dahm & Elvin, LLP, Fort Wayne, IN; Francis H. Morrison, III, Day, Berry & Howard, LLP, Hartford, CT, *on the brief*), Dahm & Elvin, LLP, Fort Wayne, IN

Appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Stacia S. Bogdan ("plaintiff") and Frank Bogdan appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, *Judge*), entered March 29, 2005, dismissing as time-barred plaintiff's claims alleging (1) a violation of the Connecticut Products Liability Act, Conn. Gen. Stat. §§ 52-572m *et seq.*; (2) a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*; and (3) common law fraud. We assume the parties' familiarity with the underlying facts and procedural history of this case.

I.

Connecticut law requires that a products liability claim under § 52-572m be brought within "three years from the date when the injury . . . is first sustained or discovered or in the exercise of reasonable care should have been discovered." Conn. Gen. Stat. § 52-577a. Interpreting identical language in the statute of limitations governing negligence claims, *see* Conn. Gen. Stat. § 52-584, the Connecticut Supreme Court has held that "the [statutory] term 'injury' is synonymous with 'legal injury' or 'actionable harm.'" *See Lagassey v. State*, 268 Conn. 723, 748 (2004). "'Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action." *Id.* Accordingly, a plaintiff's claim accrues "when the plaintiff has knowledge of facts that would put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another." *See id.* at 749; *see also id.* at 743 (emphasizing that "'actionable harm' does not occur until the plaintiff discovers an injury *and* causation"). "[T]he harm complained of," however, "need not have reached its fullest manifestation in order for the limitation period to begin to run; a party need only have suffered some form of actionable harm." *Id.* at 749 (internal quotation marks omitted); *see also Catz v. Rubenstein*, 201 Conn. 39, 47 (1986) ("The focus is on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories.").

2

Plaintiff's April 10, 2002 complaint alleges, *inter alia*, that plaintiff was injured due to the defective nature of defendant Zimmer, Inc.'s product, the Centralign Precoat hip prosthesis, which plaintiff had implanted during an October 1994 hip replacement surgery. Compl. ¶ 7. Plaintiff had expected the Zimmer prosthesis to last ten years, *see Dunn v. Zimmer, Inc.*, No. 00 Civ. 1306, 2005 WL 752214, at *1 (D. Conn. Mar. 29, 2005), but due to the premature failure of the product, plaintiff suffered "pain and other problems" and was required to undergo a revision surgery to replace a part of the prosthesis on July 16, 1996, Compl. ¶ 7. Plaintiff's product liability claim was based on theories of design defect, manufacturing defect, and failure to warn.[1] *Dunn*, 2005 WL 752214, at *1.

Based on these facts, the District Court dismissed plaintiff's product liability claim as barred under the three-year statute of limitations imposed by section 52-577a, concluding that plaintiff's claim had accrued as of July 16, 1996, the date of Stacia Bogdan's revision surgery. *See Dunn*, 2005 WL 752214, at *2-*4. In so holding, the District Court relied on two interrelated grounds. First, the District Court rejected plaintiff's argument that her claims began to accrue when she was informed by her doctor in November 2001 "that her initial hip prosthesis was the subject of lawsuits alleging a defective design," *id.* at *3, finding instead that "Bogdan knew, as of July 1996, that her hip had failed, that the failure occurred unusually early in the life of her hip and that the failure had caused her injury," *id.* at *4. The District Court thus concluded that plaintiff "had clear knowledge of her injury and its cause [by July 1996], even if she could not articulate the precise legal theory that would support her claim." *Id.* Second, the District Court determined that "[t]he facts show that any gap in Bogdan's knowledge was due primarily to a lack of diligence." *Id.* Citing what it described as "publically available" information—presumably, certain articles published in specialized medical journals, *see* Joint Appendix at 158-72—that indicated "a potential flaw" in the Zimmer product "as early as 1997," the District Court stated that plaintiff's actual knowledge at the time of her revision surgery in July 1996, combined with a reasonably diligent investigation thereafter, "could" have informed her as to the basis of her claim. *See Dunn*, 2005 WL 752214, at *4. Specifically, the District Court concluded:

> Given the knowledge Bogdan possessed in 1996—that her hip had failed unusually early causing her the pain and difficulty of a revision surgery—it would not be unreasonable to think that a diligent effort to discover the cause of her injury *could* have led her to the necessary information no later than 1998. The record is clear that Bogdan undertook no steps to pursue this suit until November 2001 at the earliest, more than five years after her injury and more than three years after she *could* have discovered her claim.

*Id.* (emphases added).

---

[1] Plaintiff also sought damages under the Connecticut Unfair Trade Practices Act and for common law fraud, while Frank Bodgan, Stacia Bogdan's husband, stated a derivative claim for loss of consortium. *Dunn*, 2005 WL 752214, at *1.

3

We conclude that this latter determination by the District Court—namely, that plaintiff "could" have discovered her cause of action no later than 1998—stated an incorrect standard in light of *Lagassey*, 268 Conn. at 749. In that case, the Connecticut Supreme Court emphasized that, when determining whether a plaintiff failed to exercise "reasonable care" in discovering a claim, "[t]he inquiry is not when the injury *could* have been discovered; rather, it is when the injury *should* have been discovered." *Id.* at 750-51. Accordingly, because the District Court's analysis in this regard was in error, we remand so that the District Court may consider plaintiff's claims under the proper standard.

## II.

The District Court correctly determined that plaintiff's claims under the Connecticut Unfair Trade Practices Act ("CUTPA") and for common law fraud were time-barred. *See Dunn*, 2005 WL 752214, at *5. Plaintiff's arguments on appeal—namely, that this Court should apply the discovery rule analysis outlined in *Lagassey*, 268 Conn. at 743, to plaintiff's CUTPA and fraud claims—were not presented to the District Court and thus are waived. *See Allianz Ins. Co v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005). At any rate, plaintiff's arguments are wholly without merit, inasmuch as the plain language of the statutes at issue indicates that the applicable limitations periods commence upon the "occurrence of a violation," Conn. Gen. Stat. § 42-110g(f) (CUTPA), or the "act or omission complained of," *id.* § 52-577 (action founded upon a tort), rather than when a plaintiff "discovered or in the exercise of reasonable care should have . . . discovered" actionable harm, *see id.* § 52-577a (product liability); *id.* § 52-584 (negligence, misconduct, or malpractice). *See Fichera v. Mine Hill Corp.*, 207 Conn. 204, 212 (1988) (holding that such language "precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred").

\*       \*       \*       \*

For the reasons stated above, the judgment of the District Court is hereby **AFFIRMED** in part and **VACATED** in part, and the cause is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Tammy Martinez*
DEPUTY CLERK

4